STEWART v. PICKERING ET AL.

1. **Agency:** TO SELL LANDS: CORRESPONDENCE NOT ESTABLISHING. Defendants, land brokers in Iowa, wrote to a person in Pennsylvania as follows: "Do you have charge of the lands in this county belonging to the estate of S.? If so, are they for sale?    *    *    *    If the title is all right, we can possibly find a customer for the list this year. Let us hear from you as to price, etc." The reply thereto was as follows: "I herewith enclose you a price-list of our land in your county.    *    *    *    My mother is the widow of S., deceased, and is the sole devisee by will, which is recorded in your county. I am executor of my father, and attorney in fact of my mother. The titles are strictly clear and good." Attached to the letter was the following: "Western land for sale: Winnebago county, Iowa." (Here follows a list of the land, with the prices.) "Apply to D. S., Falls City, Pa., or 1420 2d St., Washington, D. C. Terms ¼ down, balance in 4 equal annual payments, with five per cent interest, or all together for $4.75 per acre." *Held* that this correspondence gave no authority to the defendants to bind the owner of the lands (the widow of S., deceased) by a sale at the prices named, but that, at most, it was authority to sell subject to her approval, or that of her attorney in fact.

*Appeal from Winnebago District Court*—HON. G. W. RUDDICK, Judge.

WEDNESDAY, DECEMBER 21.

ACTION to recover money received by the defendants for lands sold by them for the plaintiff, and which they refused to pay over, because, as they claim, they sold certain other lands as the plaintiff's agent, and were therefore entitled to retain the money as compensation for making the last-named sales. Trial to the court, judgment for the plaintiff, and defendants appeal.

*John Cliggitt* and *Pickering & Hartley*, for appellants.

*Geo. D. Peters* and *Ripley & Fisher*, for appellee.

SEEVERS, J.—The plaintiff resides in Pennsylvania, and the defendants in Iowa. The latter are real estate brokers, and wrote to a person in Falls City, in the former state, who

was authorized to act for the plaintiff, a letter, which was as follows: "Do you have charge of the lands in this county belonging to the estate of Hon. A. Stewart? If so, are they for sale? * * * If the title is all right, we can possibly find a customer for the list this year. Let us hear from you as to price, etc." The reply thereto is as follows: "I herewith inclose you a price-list of our land in your county. * * · * My mother is the widow of Hon. A. Stewart, deceased, and is the sole devisee by will, which was recorded in your county in 1879. I am executor of my father, and attorney in fact of my mother. The titles are all strictly clear and good." Attached to the letter is the following: "Western land for sale, Winnebago county, Iowa." Here follows a list of the land, with the prices at which it is for sale. "Apply to D. Stewart, Falls City, Pa., or 1450 2d St., Washington, D. C. Terms ¼ down, balance in 4 equal annual payments, with five per cent interest, or all together for $4.75 per acre."

The amount in controversy being less than $100, we are asked to determine whether the foregoing correspondence, on the face thereof, contains any authority to sell the lands which would bind the plaintiff, providing the sale was made on the terms therein mentioned. We think it does not. It amounts simply to an offer, with directions to apply to the person therein named. There is no authorty given the defendants to sell the lands at the prices and on the terms named. If such authority was conferred, it was a continuing one until revoked, and this we do not believe was contemplated. At most, the offer to the defendants was: "You may sell the lands on the terms named, subject to my approval." The latter must be so understood, because no authority to sell was given. It is due to the plaintiff to state that she claims to have sold the lands through another broker before she was notified of the sale made by the defendants.

AFFIRMED.