CHARLES A. JOHNSON v. CHARLES H. WHALEN.

(Filed September 10, 1903.)

1. **AGENT—Can Recover Commission, When.** In the absence of an employment, authorizing a real estate agent to find a purchaser for, or to make a sale of real estate, by the owner, no commission for an attempted sale can be recovered.

2. **SAME.** A letter by a real estate agent to the owner, inquiring the price of a farm and a reply from the owner stating that he would take $4000.00 net, does not upon its face authorize the real estate agent to find a purchaser for, or make a sale of the farm upon such terms.

(Syllabus by the Court.)

*Error from the District Court of Kay County; before Bayard T. Hainer, Trial Judge.*

*Hackney & Lafferty,* for plaintiff in error.

*J. L. Roberson,* for defendant in error.

STATEMENT OF FACTS.

An action brought by Charles A. Johnson against Charles H. Whalen in the district court of Kay county to recover a commission for the sale of real estate. Trial and judgment

for defendant; motion for new trial overruled; exceptions allowed; Johnson brings case here upon petition in error for review.

·Opinion of the court by

BEAUCHAMP, J. : This was an action commenced in the district court of Kay county by Charles A. Johnson as plaintiff, against Charles H. Whalen, as defendant, to recover the sum of $300, alleged to be due as commission for the sale of a farm belonging to the defendant in error, in Kay county. On August 25, 1900, P. H. Albright & Co., a firm of real estate agents, doing business in the city of Newkirk, wrote defendant in error, Whalen, at his home, Paris, Ill., the following letter:

"Dear Sir:—

"We understand that you are the owner of the n. w. quarter of section eleven (11), township twenty-seven (27), range two (2) east, Kay county, Oklahoma.

"We have a purchaser for the same. If you will price it low enough so that he can buy it. Please give us lowest cash price that will buy your farm by return mail.

"Yours truly,"

To this letter, Whalen made no reply, and on November 15, 1900, Albright & Co. wrote the following letter:

"Dear Sir:—

"On August 25th, we wrote you relative to the price you would take for the n. w. sec. 11, twp. 27, n. 2 e., Kay county, Oklahoma. We failed to receive a reply from you. Will you take $3,800 cash for the above described land? Please advise us by return mail.

"Inclosed find stamped envelope for reply.

"Yours truly,"

To which letter the defendant wrote the following reply:

"Paris, Ill., Nov. 23, 1900.

"Messrs. Albright & Co.:

"Yours of 15th inst., asking my price on farm there. Thirty-eight hundred will not buy it. Four thousand ($4,000) cash will buy it net to me; and no less.

"Yours,"

Soon after this, Albright & Co. sold the farm for $4,300 and on December 15, wrote Whalen as follows:

"Dear Sir:—

"We telegraphed you Friday evening, the 14th, that we had sold your farm for $4,000 net to you. Inclosed we hand you deed to sign and return to the First National Bank of Newkirk, with instructions, to be delivered to us upon the payment of the purchase price, less the amount of the mortgage now upon the land. We do not know whether you are a married man or not, so we write the deed Charles H. Whalen and the notary public who takes the acknowledgment can fill in your wife's name if you are married. Have the deed correctly signed and returned to us at as early a date as possible. If unmarried state so in the deed.

"Yours truly,"

To which letter Whalen replied:

"Kind Sirs:—

"Your favor of the 16th together with deed for me to sign, is at hand. Will say that when I have been notified by the First National Bank of this city, that there is $3,000 on deposit there, subject to the deposit of a deed from myself and wife, to the farm I own in your county, together with a contract from the purchaser that I shall not be held liable in any way for the taxes on this farm for this year, also the accrued interest on the $1,000 loan on same, and any other expense that may appear against said farm. I understood that I was to have $3,000 net to me and this is what I shall expect. Upon receipt of notice from the above named bank, that these things have been complied with, I will then have

deed properly executed and place same in said bank.  You can let me hear from you.

                        "Very truly yours,"

To which letter Albright & Co. answered, declining to forward the money to the bank named by Whalen, and declined to pay the interest on the $1,000 mortgage as required; also to take a contract from the purchaser indemnifying Whalen against taxes, and demanding that the deed be sent to the bank at Newkirk as before directed by them.  The above letters contain all the evidence of the contract between Albright & Co. and Whalen.  Subsequently Albright & Co. transferred the right of action accruing to them to Charles A. Johnson, the plaintiff in error, who brought the suit to recover the sum of $300 commission on the sale of the farm. Upon the conclusion of plaintiff's testimony, Whalen demurred to the evidence offered by Johnson, for the reason that the same did not prove a cause of action in favor of Johnson and against the defendant, Whalen, which demurrer was by the court sustained.  The defendant moved for judgment upon the pleadings and testimony, which motion was also sustained, and the court dismissed the bill and entered judgment for defendant for costs.  Motion for new trial was overruled, and exceptions noted.

There is only one question necessary to be considered by this court.

To entitle a real estate agent to recover the commission for the sale of property, he must show the employment. (Lawson's Rights, Remedies and Practice, vol. 1, sec. 226.) As before stated, the letters above quoted contain the only authority that Albright & Co. had to act as agent for Whalen in procuring a purchaser for his farm.  The first letter was

simply an inquiry as to the lowest cash price that would buy the farm, to which Whalen made no reply. The second letter was also only making inquiry as to whether he would take $3,800 cash for the farm and the reply of Whalen was only to the effect that $3,800 would not buy it, but that $4,000 cash net to him would. In short, the letters from Albright & Co. were simply letters inquiring the lowest price that Whalen would take for his farm, while the letters in answer by Whalen were simply stating his price, and that he would take $4,000 cash net; and this was all the authority Albright & Co. had for selling the farm. It is clear Albright & Co. never had a contract with Whalen by which they were authorized to find a purchaser, upon the terms attempted, and in the absence of an employment authorizing a real estate agent to find a purchaser, or make a sale of real estate by the owner, no commission could possibly be recovered; and it cannot be successfully contended that there was an employment to make the sale attempted even by implication. Also see 4 Am. Ency. of Law, page 907: "A broker to be entitled to commissions must be actually employed by the principal as broker." Also see foot-note, "A mere volunteer without authority is not entitled to commission simply because he has inquired the price which the owner asks for his property, and has found a purchaser who agrees to take it." (*Pierce v. Thomas,* 4 Ed. Smith [N. Y.] 354; *Stewart v. Pickering,* 73 Iowa 652, 35 N. W. 690.)

Again it is appropriate to observe that in this case no sale was made. The letters contain only the proposition to Albright & Co. that he, Whalen, would accept $4,000 net for his farm in Kay county. What was meant in that

proposition seems to have been misunderstood by the parties. Albright & Co. by their correspondence seem to have understood that it meant that the purchaser would only be required to pay $4,000 gross, or $3,000 and assume the mortgage then on the farm of $1,000, while Whalen seems to have understood and meant that it should be $3,000 net to him and the purchaser assume the mortgage of $1,000 with accrued interest, and pay all expenses. Again Whalen seems not to have been willing to accept the $3,000 net as per the proposition made, in the bank at Newkirk, but required that the money should be sent to the bank at his home, Paris, Ill. This requirement Albright & Co. refused to comply with. There was no agreement or sale ever consummated, so that it will be unnecessary for us to discuss the proposition, that if there had been a proposition made, terms accepted by Whalen, and sale completed, knowing that such sale was brought about through and by the efforts of Albright & Co., real estate agents, that the contract for the payment of a reasonable commission would be implied, as that question is not in this case. The demurrer to the evidence was properly sustained. The judgment of the district court of Kay county is, therefore, affirmed, with costs to plaintiff in error.

Hainer, J., who presided in the court below, not sitting; Gillette, J., absent; all the other Justices concurring.