## SCULLY v. WILLIAMSON.

No. 447. Opinion Filed March 8, 1910.

(108 Pac. 395.)

1.  **BROKERS—Compensation — Implied Agreement.** When a real estate broker sues to recover compensation for services rendered in procuring a purchaser under a contract which fails to fix his rate of compensation, he is entitled to recover a fair and reasonable compensation for the services rendered in compli-· ance with his contract.

2.  **BROKERS—Right to Commission — Acceptance of Purchaser— Inability of Purchaser to Perform.** Where a broker is employed to procure a purchaser for property, and presents to his principal a purchaser, it is for the principal then to decide whether the person presented is acceptable; and if, without any fraud, concealment, or other improper practice on the part of the broker, the principal accepts the person presented, and enters into an enforceable contract with him, the broker is entitled to compensation for his services. although it subsequently turns out that the purchaser is not able to comply with his contract, and on that account the sale is not consummated by a transfer of the property.

(Syllabus by the Court.)

*Error from District Court, Custer County; C. F. Irwin, Judge.*

Action by Jerry C. Scully against J. A. Williamson. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

*Geo. T. Webster,* for plaintiff in error.—Citing: 23 A. & E. Enc. Law, 917; 19 Cyc. 271; *Kalley v. Baker,* 132 N. Y. 1; *Jenkins v. Hollingsworth,* 83 Ill. App.; *Friested v. Deitrich,* 84 Ill. App. 604; *Francis v. Baker,* 45 Minn. 83; *Greene v. Hollingshead,* 40 Ill. App. 195.

*Henry Bulow,* for defendant in error.

HAYES, J.  Plaintiff in error brought this action in the court below to recover on a claim in favor of the Scully Land Company, a corporation, for commission for services rendered by said company to defendant in the sale of certain real estate and personal property, which claim or account is alleged to have been assigned to plaintiff.  A demurrer to plaintiff's evidence was sustained by the trial court.  Said action of the court is the only error urged for a reversal of the cause.

The Scully Land Company is a corporation, of which, during the year 1904, plaintiff was president.  During said year plaintiff resided in Custer county.  Some time before June 10th of that year, Mr. Williamson, the defendant, listed for sale with the Scully Land Company certain real estate and personal property located in Custer county.  He visited the office of the company several times, insisting and urging that the company give the sale of his land special attention, and that it be preferred over other property listed with it for sale.  The company took divers prospective buyers to look at his property, among whom was a man by the name of Remund from Minnesota, who liked the property, and stated to the officers of the corporation that he would endeavor to induce his son to come down from Minnesota and buy it.  Plaintiff afterwards moved to Oklahoma City, to which place young Remund came, and was by plaintiff, who appears to have been still acting as officer of the corporation, shown various pieces of property in the country around Oklahoma City, and was later taken by plaintiff to Custer county to inspect the property of defendant.  He was by plaintiff introduced to defendant.  Defendant and he agreed upon the terms of a purchase and sale, and the same were reduced to a contract in writing by which defendant agreed and bound himself to convey to the purchaser by warranty deed certain real estate and certain personal property for the total sum of $9,500, and the purchaser agreed and bound himself to pay for said property at the time and in the manner specifically stated in their contract.  The contract, after having been executed by both parties, was placed in the hands of plaintiff, to be held by him until the per-

formance of same. The evidence discloses that this contract was not performed by Remund, the purchaser, in accordance with the terms thereof, for the reason that the said Remund was unable to sell certain property owned by him, the sale of which was necessary in order for him to secure funds with which to carry out said contract. The evidence does not disclose that any rate of commission was agreed upon between the corporation and defendant, but there is evidence that a reasonable commission for such service is 5 per cent. of the proceeds of the sale, and it is established that the claim of the corporation has been assigned to plaintiff. Demand was made by the corporation of defendant before the assignment of its claim against him for payment thereof, which was refused, and the same has never been paid.

The foregoing statement states substantially the facts most favorable to plaintiff that are established by direct evidence or based upon inferences and conclusions that may be reasonably and logically drawn from the evidence. When a demurrer to the evidence is interposed, it must be taken that he who interposes it admits all the facts which the evidence in the slightest degree tends to prove, and all the inferences or conclusions which may be reasonably and logically drawn therefrom, and the court will not weigh conflicting evidence, but will treat, as withdrawn, all the evidence which is most favorable to the party demurring. *Ziska v. Ziska et al.*, 20 Okla. 634, 95 Pac. 254, 23 L. R. A. (N. S.) 1; *Edmisson v. Drumm-Flato Commission Co.*, 13 Okla. 440, 73 Pac. 958.

Defendant contends that the testimony of plaintiff is deficient in three particulars, to wit: That it fails to show any contract of employment of the corporation by him; second, that the sale from defendant to the prospective purchaser was never consummated; and, third, that it does not show that the corporation furnished a purchaser who was ready, willing, and able to buy. The first of these contentions is without any merit. There is abundant evidence to show that the corporation was engaged in selling lands for commission; that defendant listed his property with it,

and frequently thereafter visited that company, urging it to push the sale of his property. The evidence does not show what compensation the corporation was to receive for its services; but, in the absence of an expressed agreement relative thereto, there is an implied agreement on the part of the defendant that he will pay a reasonable compensation therefor. 1 Amer. & Eng. Encyc. of Law, 115; 4 Amer. & Eng. Encyc. of Law, 790. It is true that a real estate agent who finds a purchaser for property without any request of the owner to act for him, and in the absence of any acts of the owner which may be construed as employing by implication the agent to act for him, is not entitled to a commission, and is to be treated as a mere volunteer without authority. *Johnson v. Whalen,* 13 Okla. 320, 74 Pac. 503; *Twelfth Street Market Co. v. Jackson,* 102 Pa. 269; *Stewart v. Pickering,* 73 Iowa, 652, 35 N. W. 690. But this rule has no application to the facts in this case.

Defendant's last two contentions may be considered together. The evidence fails to show that the sale contracted for between defendant and Remund was ever consummated, but it is said in *Kalley v. Baker,* 132 N. Y. 1, 29 N. E. 1091, 28 Am. St. Rep. 542, that a broker employed to sell property becomes entitled to his commission when he finds a purchaser satisfactory to his employer, and they enter into a mutual contract of purchase and sale, though it subsequently turns out that the purchaser is unable to comply with his contract, and on that account the sale is not consummated by transfer of the property. In the case at bar the broker brought to the owner of the property a prospective purchaser, with whom the owner was satisfied, and with whom he executed a contract for a sale, thereby determining for himself the ability of the purchaser to purchase. For any violation of this contract by the purchaser defendant had his remedy for damages for the loss sustained by him by reason of the purchaser failing to fulfill his contract. In *Francis v. Baker,* 45 Minn. 83, 47 N. W. 452, the general rule is declared to be that:

"Where a broker is employed, for a commission to be paid, to procure a purchaser for property, and presents to the principal a proposed purchaser, it is for the principal then to decide whether the

person presented is acceptable; and if, without any fraud, concealment, or other improper practice on the part of the broker, the principal accepts the person presented, and enters into an enforceable contract with him for the purchase of the property, the commission is fully earned.    *    *    * "

The rule announced in the foregoing cases is approved generally by both the courts and the text-writers.    19 Cyc. 271, and authorities there cited.    It has received approval in this jurisdiction.    *Yoder v. Randel et al.,* 16 Okla. 308, 83 Pac. 537, 3 L. R. A. (N. S.) 576.    After Remund failed to make payment under his contract, the corporation had one of its agents to call upon him to ascertain why he was not carrying out his contract, and to endeavor to induce him to perform it.    But this act on the part of the corporation in no way affects its right to recover its commission, which had become earned when the contract of purchase was executed, and defendant had accepted the purchaser as satisfactory to him.    Had defendant embodied in his contract of employment with the corporation a stipulation that he should not be liable for any commission unless a sale was finally consummated and the property transferred, then the fact that the corporation, although it made effort to have the purchaser carry out his contract, failed to secure the performance thereof, would be fatal to plaintiff's right of recovery; but it is not made to appear by the pleadings of either party, or by evidence, that there was such stipulation in the contract of employment.

It follows that the judgment of the trial court must be reversed, and the cause remanded.

All the Justices concur.