POSTON v. BUCHANAN.

No. 33815.   Oct. 10, 1950.

Rehearing Denied Oct. 31, 1950.

*223 P. 2d 539.*

Carder & Carder, of Hobart, for plaintiff in error.

Tolbert & Gillespie, of Hobart, for defendant in error.

HALLEY, J. The parties will be referred to as they appeared in the court below.

The plaintiff owned a piece of acreage of about four acres on the west edge of Hobart, Oklahoma. The defendant and L. J. Hudson were partners there in the real estate business. They approached the plaintiff to either find a purchaser for his property, according to their contentions, or to sell his property, as the owner contends. The price was fixed at $4,000, and the commission was to be $200. The defendant and his partner furnished a buyer named S. W. Edens, who entered into a contract with the plaintiff for the purchase of the property at the price given the agents, and the buyer made a down payment of $500. The broker's fee of $200, payable to defendant's partner L. J. Hudson, was acknowledged in the contract. The contract was signed by both the plaintiff and Edens. The contract was placed in escrow with Carder and Carder, lawyers, of Hobart. This was done on June 28, 1947. About September 2, 1947, the parties to the contract went to the escrow holders and picked up the contract, and the buyer forfeited any of his rights in the money and declined to go further with the contract. The defendant retained possession of the check from the buyer and would not give it to plaintiff until plaintiff gave him his check for $200 as the commission on the deal. After an exchange of letters between their respective lawyers, $300 was paid plaintiff and $200 retained by defendant for himself and his partner. Plaintiff brought suit for $200, and the case was tried to a jury and verdict returned for the plaintiff, and judgment was rendered thereon, and the defendant has appealed.

Numerous questions are raised by defendant for the reversal of this case, but we believe it should be decided on the question of whether or not the trial court committed error in not sustaining defendant's motion for a directed verdict at the close of the evidence. The plaintiff contended that the sale had to be consummated before he was liable, but the fact remains that he entered into a written contract with the buyer furnished by defendant and his partner whereby he accepted that person as a purchaser, and received $300 as a result of the efforts of the defendant and his partner. He also acknowledged in the contract his indebtedness to the defendant's partner for the commission. The testimony is uncontraverted that L. J. Hudson and the defendant were partners and were to share this commission. An enforceable contract was entered into between the plaintiff and the buyer. Clearly the defendant and his partner were entitled to their commission under Scully v. Williamson, 26 Okla. 19, 108 P. 395; and McCartney v. Shores, 77 Okla. 273, 188 P. 663.

The motion for directed verdict should have been sustained. This case is reversed, with directions to the trial court to sustain the motion for directed verdict and enter judgment for the defendant.

522

DAVISON, C. J., ARNOLD, V. C. J., and GIBSON, LUTTRELL, JOHNSON, and O'NEAL, JJ., concur.