NUNN v. BARBER et al.

No. 35074.    July 29, 1952.

Rehearing Denied Sept. 9, 1952.

Application for Leave to File Second Petition for Rehearing Denied Nov. 18, 1952.

*249 P. 2d 999.*

Paul & McPheron, Durant, for plaintiff in error.

John Allen Phillips II, Durant, for defendants in error.

GIBSON, J. On the 16th day of February, 1949, M. C. Nunn, who was then the owner of approximately 182 acres of land situated in Atoka county, Oklahoma, entered into a written contract with O. Y. Dorrance and S. P. Barber, real estate brokers, whereby he listed with them the said tract of land for sale at a price of $9,116 net to him. The listing was to remain effective for a period of 60 days. However, the brokers failed to procure a purchaser for the land within that time. Shortly thereafter an oral agreement was entered into between the parties whereby it was agreed that the brokers would continue their efforts to procure a purchaser and perfect a sale.

On the 29th day of April, 1949, S. P. Barber, one of the brokers, procured a purchaser for the land, brought him to the farm of Mr. Nunn and introduced the purchaser to him. The purchaser and Mr. Nunn then went over the land of Mr. Nunn and inspected it and upon the completion of the inspection the purchaser agreed to purchase the land less 21 acres thereof for the price of $8,540. Thereafter Mr. Nunn notified Mr. Barber, one of the brokers, of this agreement. It was then agreed by the parties that the brokers were to have a commission of five per cent, to be paid upon the performance of certain conditions hereinafter to be mentioned.

The purchaser and Mr. Nunn then entered into a written contract in which the purchaser agreed to purchase and the owner of the land agreed to sell the same for the consideration of $8,540 to be paid in cash upon delivery of a deed. The owner and seller of the land, Mr. Nunn, agreed to furnish an abstract showing merchantable title and the contract provided that the purchaser should deposit $1,000 in the First State Bank of Caddo, Oklahoma, as earnest money guaranteeing the performance of the contract on his part. The purchaser was given 30 days in which to complete the sale. Shortly thereafter the purchaser entered upon the premises and commenced plowing the land. However, several days prior to the expiration of the 30 days in which the sale was to be completed, the purchaser informed Mr. Nunn that he did not wish to complete the sale and that he had decided to abandon the contract, and stated he was willing to forfeit the $1,000 earnest money he had deposited in the bank. Mr. Nunn after some protest agreed to settle the controversy by accepting the $1,000. The parties then went to the bank and the purchaser directed the bank to pay to Mr. Nunn the $1,000 then on deposit.

In the meantime, Barber, one of the brokers, notified the bank that he had an interest in the deposit in the nature of a commission and notified the bank not to pay the amount deposited to Mr. Nunn without his consent, and the bank refused to deliver the deposit to him.

Mr. Nunn then brought this action against the First State Bank of Caddo and O. Y. Dorrance and S. P. Barber to recover the amount deposited in the bank.

Defendants Dorrance and Barber filed their answer and cross-petition in which they plead in substance the above facts and in their cross-petition claimed a commission for making the sale in the sum of $442.25, being five per cent of the sale price.

The First State Bank of Caddo filed its answer in which it admitted that it had on deposit the sum of $1,000 sued for, but that it was holding such fund as a stakeholder, and that it was ready and willing to pay said sum to the clerk of the court, or to any person under order of the court, and prayed for a reasonable attorney fee for filing the answer and that it be discharged from any further liability.

Plaintiff in answer and reply to defendants' cross-petition denied he was liable to defendants real estate brokers in any amount as commission for the sale of the land, and affirmatively pleads that he was only required under the contract to pay a commission to defendants when a sale was completed and the consideration paid; that the sale had never been completed and consideration agreed upon had not been paid and therefore he is not liable.

Thereafter, on application of the parties, the trial court entered an order allowing defendant bank $50 attorney fee and directed that it be paid out of the money deposited in the bank by the purchaser, and that $500 of such money be delivered to plaintiff, and that the bank hold the balance of the fund to abide final judgment of the court.

The case was tried to a jury and at the conclusion of the evidence, on motion of defendants, the trial court directed the jury to return a verdict in their favor for the full amount of the commission claimed. Judgment was entered accordingly.

Plaintiff appeals and assigns this ruling as error.

There is little, if any, dispute in the evidence as to the terms and conditions of the commission contract. Plaintiff testified that under the agreement defendants were to receive their commission of five per cent when the sale was completed and the consideration paid. Defendant Barber testified that defendants were to receive their commission when the sale was completed and that the commission was to be paid out of the $8,540 agreed purchase price. There is no material difference between the testimony of witness Barber in this respect than that of plaintiff. They both testified in substance to the same state of facts. There is no dispute as to the facts.

Defendants brokers procured and presented to plaintiff a satisfactory purchaser who was ready, able and willing to buy. Plaintiff entered into a binding contract with him for the purchase of the land. A deposit was made by the purchaser of $1,000 guaranteeing compliance with his contract. The purchaser decided to abandon the contract and plaintiff, the seller, consented to the abandonment upon payment of the $1,000 deposited by the purchaser. Defendants brokers had complied with the terms of their contract and were without fault in the premises. They are therefore entitled to the commission agreed upon. In Poston v. Buchanan, 203 Okla. 520, 223 P. 2d 539, we held:

"Where a broker is employed to procure a purchaser for property, and presents to his principal a purchaser, it is for the principal then to decide whether the person presented is acceptable; and if, without any fraud, concealment, or other improper practice on the part of the broker, the principal accepts the person presented and enters into an enforceable contract with him, the broker is entitled to compensation for his services, although it subsequently develops that the purchaser will not or is not able to comply with his contract, and on that account the sale is not consummated by a transfer of the property."

The trial court under the undisputed evidence ruled correctly in directing a verdict in favor of defendant.

Judgment affirmed.

HALLEY, V.C.J., and CORN, DAVISON, JOHNSON, O'NEAL, and BINGAMAN, JJ., concur.