## EICHOFF v. RUSSELL.

No. 4375. Opinion Filed May 18, 1915.

(149 Pac. 146.)

1.     APPEAL AND ERROR—Verdict—Evidence. The jury are the triers of the facts, and the sole and exclusive judges of the evidence and the credibility of the witnesses, and, where there is evidence reasonably tending to support the findings of the jury, same will not be disturbed upon appeal.

2.     BROKERS—Appeal and Error—Verdict—Action for Commission—Procuring Cause—Question for Jury. In an action by a real estate broker to recover commission for procuring the sale of the owner's property, the question as to whether or not he was the procuring cause of the sale is one of fact for the jury, and, there being evidence reasonably tending to support the verdict, it will not be disturbed on appeal.

e3.     BROKERS—Right to Commission—Procurement of Purchaser. An owner, who lists her property with a real estate broker for sale, and agrees to pay a commission for procuring a buyer

therefor, is liable for the commission agreed to be paid, provided the broker procures a buyer who is ready, able, and willing to buy the property, on terms agreeable to the owner, notwithstanding the fact that the purchaser may, previous to the listing, have unsuccessfully endeavored to purchase the property from the owner, where the evidence reasonably tends to show that the broker was the procuring cause of the sale, and that the negotiations between the owner and purchaser had been closed and abandoned prior to the listing of said property with the agent.

4. APPEAL AND ERROR—Objections to Evidence. Whether the court erred in the admission of testimony will not be considered, where no objections are made to the introduction of the testimony when offered.

(Syllabus by Dudley, C.)

*Error from Superior Court, Oklahoma County;*

*Edward Dewes Oldfield, Judge.*

Action by William J. Russell against Louis Eichoff, administrator of the estate of Maggie E. Fay, deceased. Judgment for plaintiff, and defendant brings error. Affirmed.

*Burwell, Crockett & Johnson,* for plaintiff in error.

*W. L. McCain* and *Embry & Hastings,* for defendant in error.

DUDLEY, C. This is an appeal from the superior court of Oklahoma county. On August 25, 1910, the defendant in error, hereinafter referred to as the "plaintiff," commenced this action in the superior court of Oklahoma county, against the plaintiff in error, as the administrator of the estate of Maggie E. Fay, deceased, hereinafter referred to as the "defendant," to recover $1,250, with interest at 6 per cent. from May 26, 1910, as commission for procuring a purchaser for certain real estate belonging to the deceased.

The petition and the amendment thereto allege, in substance, that the plaintiff was engaged in the real estate business in Okla-

Form No. 17

homa City, Okla.; that on and prior to July 30, 1909, Maggie E. Fay, now deceased, was the owner of lots 29 and 30 in block 32 of Oklahoma City; that prior thereto and on May 21, 1909, she verbally listed said property with him for sale, at $20,000, and agreed to pay him a commission of 5 per cent. of the purchase price of said premises, if he should procure a buyer ready, able, and willing to purchase the same, upon terms agreeable to her; that thereafter and on July 30, 1909, he procured a buyer for said premises, in the person of John Erickson, for the sum of $25,000, on terms agreeable to her; that on said day she sold and conveyed said premises to said purchaser for said sum; and that on account thereof he is entitled to recover a commission of $1,250. The petition then alleges the death of the deceased, the appointment of Louis Eichoff as the administrator of her estate, the filing and presentation of a claim for said commission, and the rejection thereof. Issues were joined and the case tried to a jury, resulting in a judgment in favor of the plaintiff for the amount sued for. From this judgment, the defendant has perfected an appeal to this court, and seeks a reversal on two grounds: (1) That the evidence is insufficient to support the verdict of the jury and the judgment of the court, based thereon; (2) that the trial court erred in admitting incompetent, irrelevant, and immaterial testimony on behalf of the plaintiff. We shall consider the two grounds in the order named.

It is earnestly and ably insisted by counsel for defendant, in their belief, that the evidence is insufficient to support the verdict of the jury and the judgment of the trial court, based thereon. There is but little conflict in the evidence. Counsel for defendant insist that there is none. The main point urged is that the evidence is insufficient to show that the plaintiff was the procuring cause of the sale to Erickson. This was a question of fact to be submitted to and determined by the jury, upon appropriate instructions. This was done, and the jury found in favor of the plaintiff, and, if the evidence reasonably tends to support the finding,

it will not be disturbed on appeal. *Wheelan et al. v. Hunt,* 37 Okla. 523, 133 Pac. 52. We have very carefully read and considered the entire record, and are of the opinion that the evidence reasonably tends to support the finding of the jury, not only upon this question, but upon all the controverted questions of fact.

It is well settled in this jurisdiction that the jury are the triers of the facts and the sole and exclusive judges of the weight of the evidence and the credibility of the witnesses, and, where there is evidence reasonably tending to support the findings of the jury, the same will not be disturbed upon appeal. *Texas Co. v. Collins,* 42 Okla. 374, 141 Pac. 783; *Chicago, R. I. & P. Ry. Co. v. Newburn,* 39 Okla. 704, 136 Pac. 174; *Chicago, R. I. & P. Ry. Co. v. Brazzell,* 40 Okla. 460, 138 Pac. 794; *Rice v. Woolery,* 38 Okla. 199, 132 Pac. 817.

The evidence clearly establishes the fact that the plaintiff had the property listed, and that Mrs. Fay agreed to pay him a commission of 5 per cent. on the purchase price. This being true, and the jury having found that he was the procuring cause of the sale, then it is clear that he is entitled to recover the commission agreed to be paid. This court, speaking through Justice Williams, in the case of *Roberts v. Markham et al.,* 26 Okla. 387, 109 Pac. 127, announced this rule:

"Brokers—Right to Commission. If, after the lot or realty is placed in the agent's hands for sale, it is brought about and procured by his advertisements or exertions, he will be entitled to his commission, or if the agent introduces or discloses the name of the purchaser to the vendor for such purpose, and through such introduction or disclosure negotiations for the sale of the property are begun, and then effected by the vendor, the agent is entitled to his commission."

The evidence shows that on May 21, 1909, Mrs. Fay listed the property in controversy with the plaintiff for sale, at $20,000, and agreed to pay him a commission of 5 per cent. on the pur-

chase price, if he procured a buyer therefor. Shortly after this she went to a hospital at Wichita for an operation, and did not return until some time in June. There is some evidence tending to show that prior to this she had listed this property with the plaintiff for sale at $18,000. Before the last listing, Erickson, the purchaser, had had some conversation with Mrs. Fay with reference to purchasing this property, and she priced it to him at $20,000, $10,000 cash, and he asked her if she would take some lots of his as a part of the purchase price, and she told him, "No." Nothing further was done between them until after she made the last listing with the plaintiff, and returned from Wichita. After she went away, plaintiff put his sign "For Sale or Rent," on the property, and Erickson, the purchaser, in passing by, observed the sign and later called on the plaintiff with reference to buying the property. He priced it to him at $25,000. Erickson thought this was too much, but the plaintiff insisted that it was a bargain. Erickson inquired if Mrs. Fay would take some lots as a part of the purchase price. Plaintiff replied that he did not know, but would take the matter up with Mrs. Fay upon her return. They had some negotiations, and finally Erickson submitted a proposition, which the plaintiff submitted to Mrs. Fay, and she accepted, and later and on July 30th the deal was finally consummated. The evidence also shows that, when the plaintiff submitted the proposition to Mrs. Fay, she informed him that she had heard of Erickson before, and told him to get $10,000 cash out of him if he could, and, if he could not, to close the deal.

There is some evidence tending to show that Sawyer & Houghton, real estate agents, endeavored to sell this property to Erickson for Mrs. Fay for $20,000. This deal did not go through, and the matter ended, according to the testimony of Erickson, and following this he took the matter up with the plaintiff. The plaintiff was present, at the request of Mrs. Fay, at the time the deal was closed, had charge of her papers, went

to the courthouse, looked after the final consummation of the deal. After the sale, Mrs. Fay made the statement, to at least two witnesses, that the plaintiff had sold her property, and that she owed him a commission for so doing, which she expected to pay as soon as she was able. The evidence also shows that the plaintiff encouraged Erickson to buy the property, insisting that it was a bargain. The evidence also shows that Mrs. Fay talked to the plaintiff several times before the deal was finally consummated.

From an examination of the entire record, we are satisfied that the evidence reasonably tends to show that the negotiations between Mrs. Fay, the owner, and Erickson, the purchaser, were unsuccessful and had been abandoned by the purchaser before the property was last listed with the plaintiff, and that he, through his efforts, exertions, advertisement, and interest in the sale of the property, was the procuring cause of the sale, and that, notwithstanding the fact that the owner and the purchaser had had some negotiations with reference to the sale of this property, yet, the plaintiff being the procuring cause of the sale and having started anew the negotiations which ultimately resulted in a sale, the plaintiff is entitled to recover the commission agreed to be paid. The Supreme Court of Connecticut, in the case of *Schlegal v. Allerton*, 65 Conn. 260, 32 Atl. 363, had under consideration a state of facts similar to the facts in this case, where the following rule was announced:

"An owner of real estate, after her efforts to sell to W. had failed and been abandoned, put it in the hands of a real estate agent to sell at a certain price. He then commenced negotiations with W., and, while it still remained in his hands, without notice to him, the owner sold it to W. for a less price than that at which the agent had been authorized to sell. Held, that he was entitled to commissions on the amount for which it was sold."

This rule in principle was announced by this court in the case of *Nation v. Harness et al.*, 33 Okla. 630, 126 Pac. 799.

It is also argued that there was not sufficient evidence showing the presentation of the claim to the administrator of the estate of the deceased, and its rejection by said administrator, and also that the suit was not brought within the time prescribed by statute, after the rejection of the claim. The administrator, in his answer, admits that he was the administrator of the estate. The record clearly shows that notice to creditors was given, as required by law, and that the plaintiff presented his claim to the administrator, in accordance with the notice and at the place specified therein. The original claim was among the files, and introduced in evidence, showing its presentation and disallowance. The record clearly shows that the action was brought within the statutory period after the disallowance of the claim. There is nothing in this contention.

It is next contended by the defendant that the trial court committed error in permitting the witnesses D. B. Welty and Seaman C. Russell to testify in regard to some matters that took place at the residence of Mrs. Fay some time in July, 1909. The evidence complained of is set forth in full in the brief of counsel for defendant. An examination of the record shows that no objections were made or exceptions taken to the introduction of this testimony. The witnesses were cross-examined, and then court adjourned until the following morning, and on the convening of court the defendant moved to strike out the testimony of these witnesses, with reference to what occurred at the residence of Mrs. Fay. This motion was overruled and exceptions saved. No objections were interposed to the introduction of the evidence complained of, when offered. The witnesses were cross-examined. The motion to strike made on the day following is based upon the ground that the evidence is incompetent, irrelevant, and immaterial. No reason is assigned why this same objection was not made to the introduction of the evidence when offered, and nothing occurred after the introduction of this evidence to render it incompetent, and we therefore hold that the motion to strike

came too late, and error cannot be predicated upon the action of the trial court in permitting the evidence to be introduced. *Giles et al. v. Latimer et al.,* 40 Okla. 302, 137 Pac. 113; *St. Louis & S. F. R. Co. v. Davis,* 37 Okla. 340, 132 Pac. 337. In view of this fact, it is not necessary for us to determine whether or not the trial court committed error in permitting this evidence to be introduced.

The judgment of the trial court should be affirmed.

By the Court: It is so ordered.