## TREESE v. SHOEMAKER.

No. 9843—Opinion Filed Feb. 15, 1921.

(Syllabus by the Court.)

1. **Homestead—Oil and Gas Lease—Consent of Husband and Wife.**

An oil and gas lease containing the usual provisions of such lease, covering a homestead, is such a grant of the use and occupancy of, and interest in, the homestead as requires the joint consent of both the husband and wife.

2. **Brokers—Right to Commission—Procuring Cause in Securing Lease.**

A broker employed to secure a lease is entitled to his commissions if during the continuance of his agency he is the efficient or procuring cause of the execution of the lease, though the actual agreement for the lease is made by the principal with the owner of the land; and the broker will be regarded the procuring efficient cause if his efforts are the foundation upon which the negotiations resulting in the execution of the lease are begun.

Error from District Court, Payne County; John P. Hickam, Judge.

Action by Robert Shoemaker against A. L. Treese to recover broker's commission. Judgment for plaintiff, and defendant brings error. Affirmed.

Walter Mathews, for plaintiff in error.

C. C. Suman, for defendant in error.

PITCHFORD, J. The defendant in error instituted this action in the district court of Payne county against the plaintiff in error seeking to recover the sum of $320 by virtue of a contract whereby the plaintiff in error agreed to pay him that sum for procuring an oil and gas lease from one J. W. Sims. The parties hereafter will be referred to as they appeared in the trial court. The answer filed by the defendant was a general denial.

The record discloses that, a short time prior to the 25th of July, 1913, one Boucher, claiming to be a partner of the defendant, Treese, employed the plaintiff to secure for the partnership an oil and gas lease upon a certain 160 acres of land in Payne county, agreeing to pay plaintiff $2 per acre for his services in the premises. After this agreement with Boucher, the plaintiff consulted J. W. Sims, the owner of the land, and was informed that he would execute a lease upon certain terms. Thereupon the plaintiff reported to Boucher and Treese, and the terms proposed by Sims being satisfactory to them, Treese and the plaintiff drove out to the home of Sims for the purpose of having the lease executed, but were informed by Sims that other parties in the meantime had been negotiating for a lease upon the 160 acres, and that he had given them an option. The plaintiff and Treese then returned to town. On the Wednesday following, Sims informed the plaintiff that the deal with the other parties had failed to go through, and that he was ready to close the deal with him on the terms proposed in their first conversation.

This information was conveyed to Treese and Boucher. The plaintiff and Treese then went down to the bank where Sims was awaiting them. After some dickering between Treese and Sims, the lease was executed according to terms originally proposed. Plaintiff was not present in the room at the execution of the lease, but remained in the bank. Mr. Sims came out of the room with the lease and stated that he was going down to have his wife sign the same. The plaintiff volunteered to accompany him, but was informed that it was not necessary. Mrs. Sims signed the lease and the same was delivered to the defendant.

The contention of the defendant is that he had never agreed to pay the commission of $2 per acre, and that the plaintiff was not entitled to any commission, for the reason that he had not procured the signature of Mrs. Sims to the lease; that the lease covered the homestead of Sims, and that the lease would have been of no validity unless the same had been signed by the wife of the lessor, and that the plaintiff, at no time, had talked with the wife concerning the lease, and that his efforts were not the efficient cause in securing the consent of the wife to the lease; that in order to have earned his commission it was incumbent upon him to prove that his efforts were the efficient cause in securing the lease from Sims, and, in addition thereto, he was required to establish that he had procured the consent of the wife to the lease.

The jury returned a verdict in favor of the plaintiff for $160.

The defendant further contends that plaintiff did not seek to recover on a quantum meruit, and that theory was not taken by either of the parties in the trial of the cause, and that the verdict should have been for $320 or nothing.

From an examination of the record, we can understand upon what theory the verdict was returned for $160. The plaintiff was suing for $320, claiming that was the sum agreed upon between himself and Boucher.

It appears, however, that when the defendant, Treese, and the plaintiff had gone to the bank to meet Sims, at the time the lease was executed, the defendant informed the plaintiff that he would take the lease, but that he would not agree to pay over $1 per acre. However, if the verdict had been for $320, there is sufficient evidence to sustain a verdict for that amount; if the jury lightened the burden of the defendant and gave half of the amount sued for, the defendant should not be heard to complain when the evidence was sufficient to sustain a verdict for $320.

The plaintiff, answering the contention of the defendant as to the signature of Mrs. Sims, assumes the position that the title to the leased premises being in the husband, the wife had no vested interest in the property during the lifetime of the husband, and that the law forbidding the husband to sell or mortgage the homestead without the consent of the wife does not prevent the husband giving a valid oil lease without the wife joining therein. To this proposition we cannot agree.

Section 1143, Rev. Laws 1910, provides as follows:

"No deed, mortgage or other conveyance relating to real estate or any interest therein, other than for a lease for a period not to exceed one year, shall be valid until reduced to writing and subscribed by the grantors; and no deed, mortgage or contract relating to the homestead exempt by law, except a lease for a period not exceeding one year, shall be valid unless in writing and subscribed by both husand and wife, where both are living and not divorced or legally separated, except to the extent hereinafter provided."

In Carter Oil Co. v. Popp et ux., 70 Oklahoma, 174 Pac. 747, it was said:

"An oil and gas lease covering a homestead which grants the right to enter upon the same and operate for oil and gas, together with the right to lay pipe lines, telephone and telegraph lines, and erect power houses, stations, fixtures necessary for the production of oil and gas, is such a grant of the use and occupancy of the homestead as requires the joint consent of both the husband and wife."

To the same effect, see Rich v. Doneghey et al., 71 Oklahoma, 177 Pac. 86.

The decisive question, however, for us to consider and the one principally discussed and relied upon by the plaintiff in error is that the efforts of the plaintiff were not the efficient cause leading up to the execution of the lease. There is no denial on the part of the defendant that the plaintiff was instructed to secure this lease. While it is true that the conversation in the first instance was with Boucher and not with the defendant, Treese, plaintiff testified that the agreement with Boucher was approved by Treese. The fact is undisputed that Sims and the defendant were brought together by the efforts of the plaintiff; the lease was executed by Sims and wife upon the terms as reported by the plaintiff to the defendant; and, under this showing, plaintiff was clearly entitled to his commission.

The rule is well stated in Goldsmith v. Coxe, 80 S. C. 341, 61 S. E. 555, as follows:

"But the rule of reason, which seems to be supported by practically all the authorities on the subject, is that the broker is entitled to his commissions if during the continuance of his agency he is the efficient or procuring cause of the sale, though the actual agreement for the sale is made by the owner without the aid of the broker; and the broker will be regarded the procuring cause if his intervention is the foundation upon which the negotiation resulting in the sale is begun."

In Yarborough v. Richardson, 38 Okla. 11, 131 Pac. 680, the court said:

"If, after the tract of land or realty is placed in the agent's hand for sale, a sale is brought about by his exertions, he will be entitled to his commission; or if the agent introduces or discloses the name of the purchaser to the vendor for such purpose, and through such introduction or disclosure negotiations for the sale of the property are begun and then effected by the vendor, the agent is entitled to his commission."

To the same effect, see Eichoff v. Russell, 46 Okla. 512, 149 Pac. 146; Roberts v. Markham et al., 26 Okla. 387, 109 Pac. 127.

The defendant insists that the court committed error in its instructions to the jury, and in refusing to give instructions requested by the defendant. We have carefully examined the instructions given by the court, as well as those refused, and are of the opinion that the court correctly instructed the jury and was not in error in refusing to give the instructions requested by defendant.

We conclude that the judgment of the trial court should be affirmed, and it is so ordered.

HARRISON, C. J., and JOHNSON, ELTING, and NICHOLSON, JJ., concur.