## ROSENFIELD et al. v. NELSON.

No. 11394—Opinion Filed April 29, 1924.

Rehearing Denied June 10, 1924.

(Syllabus.)

1. **Brokers—Right to Commission—Procuring Cause of Lease.**

A broker employed to procure a lease is entitled to his commission, if during the continuance of his agency he is the efficient or procuring cause of the execution of the lease, though the actual agreement for the lease is made by the principal with the owner of the land; and the broker will be regarded the procuring and efficient cause if his efforts are the foundation upon which the negotiations resulting in the execution of the lease are begun.

2. **Same—Reasonable Compensation in Absence of Contract.**

When a real estate broker sues to recover compensation for services rendered in procuring a purchase under a contract which fails to fix the rate of compensation, he is entitled to receive a fair and reasonable compensation for the services, rendered in compliance with his contract.

3. **Appeal and Error—Questions of Fact—Verdict—Broker's Commission.**

The question as to whether or not an agent or broker has been employed to secure a lease on property and whether or not he is the procuring cause of the sale or purchase of the lease, are issues of fact, and since there is evidence reasonably supporting the verdict of the jury, such verdict will not be disturbed on appeal.

4. **Trial—Conduct of Jury—Sending Exhibits to Jury Room.**

After the jury has retired for delibera-

tion, by permission of the court and without notice to the attorneys for the defendant, a written contract, a copy of which was attached to the answer of the defendant, and which had been introduced in evidence, was permitted to be sent to the jury room; held, this did not constitute prejudicial error.

### 5. Appeal and Error—Insufficiency of Record—Misconduct of Attorney.

Alleged misconduct of the attorney for the prevailing party in making his argument to the jury will not be reviewed by this court, where such statements are not incorporated in the case-made by bill of exceptions or otherwise, except by affidavits filed in connection with motion for new trial.

Error from District Court, Oklahoma County; J. I. Phelps, Judge.

Action by A. E. Nelson against L. G. Rosenfield et al. Judgment for plaintiff, and defendants bring error. Affirmed on condition.

G. A. Paul and J. S. Estes, for plaintiffs in error.

M. S. Singleton, Claude Nowlin, and Singleton & Hughes, for defendant in error.

COCHRAN, J. This suit was instituted by the defendant in error, plaintiff below, to recover from the plaintiff in error, defendant below, the sum of $2,544 alleged to be due the plaintiff as a broker's commission for obtaining for the defendant a lease contract on a store building in Oklahoma City. Judgment was rendered for the plaintiff for $1,800, and the defendant has appealed.

It is urged by the defendant that the evidence shows that the broker failed to obtain a purchaser who was ready, willing and able to lease a building upon terms authorized by the principal, and for that reason the verdict and judgment are contrary to the evidence. It was the contention of the plaintiff that he was employed by the defendant to procure a lease on a store building for him upon terms satisfactory to the defendant, no definite terms of such lease being prescribed, and that the broker was the procuring cause of the lease contract being executed, and that he is, therefore, entitled to his commission. This contention of the plaintiff was disputed by the defendant, the issue was submitted to the jury, and the issue determined against the defendant. The cases cited in the brief of the defendant to support the proposition of law urged by him are not applicable here, for the reason that under the testimony of the plaintiff a lease contract was procured by him for his principal according to the terms of his employment. This issue the jury found in favor of the plaintiff, and since there is evidence rea-

sonably supporting the same, the finding of the jury will not be disturbed.

It is next contended that the court erred in permitting the jury to take to the jury room exhibit "A," and that this was in violation of section 5007, Rev. Laws 1910. The exhibit which was permitted to go to the jury room was attached to the answer of the defendant and was relied on by the defendant as a part of his defense in the case, and its admission cannot be considered as prejudicial to the defendant.

It is next contended that the case should be reversed because of misconduct of the prevailing party, wherein reference was made by the attorney for the plaintiff to the fact that the defendant was a "Jew," and was "a pillar in the Jewish synagogue." The alleged misconduct is incorporated in the record in only one place. In the cross-examination of the defendant, he was asked this question: "But you would pay him a commission if you didn't have to pay a bonus? A. "I don't know about 'if.' I don't know what 'if' means." Several other questions were asked and the witness finally answered: "I can't tell the future; I am not no mind reader; I don't tell what is liable to come up to some day off; 'if' is not a word; I couldn't say what I would do; I can't tell what is liable to happen the next minute." Whereupon the attorney asked this question: "'If' isn't a word? Isn't there a word in the Hebrew language under the word 'if'"; and the witness answered: "Never mind about the Hebrew language." Q. "Don't you understand the meaning of the word 'if'?" Objection was here made and was sustained by the court, and the jury instructed to disregard the question.

We are of the opinion that the record does not disclose misconduct of the attorney for the prevailing party in this instance. The examination does not show that the question was asked for the purpose of calling attention of the jury to the fact that the witness was a Jew or for the purpose of creating a prejudice in the minds of the jury against the witness because of that fact, but the question was asked in good faith in an effort to procure an answer to a proper question, which the witness had not directly answered. The trial court evidently considered that the question might be misconstrued by the jury, and therefore sustained the objection and admonished the jury to disregard the same, and we are of the opinion that it was not error to deny a new trial because of the alleged misconduct of the prevailing party.

On motion for a new trial an affidavit was

filed in which it was alleged that the attorney for the plaintiff in the argument referred to the defendants as "pillars" of the Jewish synagogue, and also to "the cunning ways of a Jew." It is insisted that this argument constituted prejudicial error. This question cannot be reviewed by this court, because the same is not incorporated in the case-made, by "bill of exceptions," or otherwise, except by affidavit and counter affidavit, submitted on motion for a new trial. In order to present this question for review there should appear in the case-made a statement showing the language used and certified to as a part of the case-made by the trial judge. It could be incorporated in the case-made either by a stenographer's transcript of the argument or by a "bill of exceptions" prepared and signed by the trial judge, but it cannot be incorporated for review by affidavit filed in connection with the motion for new trial.

In brief filed on rehearing herein, it is insisted that the judgment rendered is excessive. There is no competent evidence in the record from which the jury could ascertain the reasonable amount of compensation to which plaintiff was entitled. We have examined the evidence of the plaintiff in this regard carefully, and we are unable to ascertain therefrom what the reasonable compensation for the services rendered are. While the testimony might be construed as the attorneys have construed the same, we are of the opinion that other constructions could be given to it equally as well. It is our opinion that the amount of judgment rendered in the case is not supported by any competent evidence and as we are unable to determine from the evidence what a reasonable compensation should be; we would reverse the same on that ground but for the fact that the defendant does not insist that there should be a reversal on this ground, but only insists that the judgment should be reduced to the sum of $400. In view of this position of the defendant, the plaintiff is required to remit all of the judgment in excess of $400, with interest at six per cent. from June 14, 1919, within 15 days from the date this opinion is rendered, and if such remittitur is not filed within that time, then the cause will stand reversed and remanded for a new trial.

JOHNSON, C. J., and NICHOLSON, HARRISON, and WARREN, JJ., concur.