### PURCELL v. GILL.

No. 19898. Opinion Filed April 28, 1931.

W. P. Nelson, for plaintiff in error.

Adriaenssens, Smith & McCuen, for defendant in error.

HEFNER, J. This action was brought in the common pleas court of Tulsa county by O. L. Gill against P. J. Purcell to recover a commission for the sale of real estate. Defense was that plaintiff was not the procuring cause of the sale. The trial was to a jury, resulting in a verdict and judgment in favor of the plaintiff. Insufficiency of the evidence to sustain the verdict is the only ground urged for the reversal of the judgment.

It is admitted that defendant listed the property with plaintiff for sale and agreed to pay him a commission. It is also undisputed that the property listed was subsequently sold. The question for our determination is, Was the same sold through the efforts of plaintiff, and was he the procuring cause of the sale? We think the question must be answered in the affirmative.

Plaintiff testified that immediately after receiving a listing of the property he advertised the same for sale in the Tulsa papers and placed a "For Sale" sign on the premises; that thereafter the purchaser came to see him relative to the purchase thereof and that he directed him to the owner; that a sale was thereafter consummated between him and the owner. Plaintiff further testified that it was agreed at the time the premises were listed with him for sale that all he was expected to do was to direct any prospective purchaser to the defendant and that defendant would consummate the deal.

Whether or not plaintiff was the procuring cause of the sale is a question of fact for the jury. In the case of Eichoff v. Russell, 46 Okla. 512, 149 Pac. 146, this court said:

"In an action by a real estate broker to recover commission for procuring the sale of the owner's property, the question as to whether or not he was the procuring cause of the sale is one of fact for the jury, and, there being evidence reasonably tending to support the verdict, it will not be disturbed on appeal."

Defendant offered evidence which tended to establish the fact that the sale was consummated between himself and the purchaser and that plaintiff was not instrumental in effecting the sale. Plaintiff's evidence, if the jury believed him, was sufficient to support the verdict of the jury. Since the question

as to whether or not the plaintiff was the procuring cause of the sale is one of fact for the jury, and since it found the facts in favor of him, there being evidence reasonably tending to support the verdict, the judgment will not be disturbed on appeal.

The judgment is affirmed.

LESTER, C. J., CLARK, V. C. J., and CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. RILEY, J., absent.