## ARTLIN REALTY CO. v. GLASS.

No. 23080.   Feb. 19, 1935.

West, Gibson, Sherman, Davidson & Hull

and J. Campbell Brandon, for plaintiff in error.

Chas. L. Yancey, G. C. Spillers, Henry L. Fist, E. M. Calkin, and W. J. Campbell, for defendant in error.

PER CURIAM. This action was instituted in the district court of Tulsa county, Okla., by M. J. Glass, as plaintiff, against J. A. Hull and Artlin Realty Company, a corporation, as defendants, to recover broker's commission alleged to be due him on sale of real estate belonging to Artlin Realty Company. During the course of the trial a verdict was directed in favor of the defendant J. A. Hull, and the cause was submitted to a jury on the issue between the plaintiff and defendant, Artlin Realty Company. The jury returned a verdict in favor of the plaintiff below against the defendant, a judgment was rendered thereon, and after an unsuccessful motion for a new trial the defendant appealed to this court.

The theory of the plaintiff was that the property was listed with him for sale; that the authority had never been withdrawn; and that he was the procuring cause of the sale. The theory of the defendant was that the authority given plaintiff was not exclusive; that such authority had been withdrawn prior to the sale; and that plaintiff was not the procuring cause of the sale.

The evidence of each of the parties tended to support their respective theories, and the instructions to the jury embodied the theories of the parties. The jury, by its verdict, adopted the theory of the plaintiff.

1. The first contention made by the defendant is that the evidence was insufficient to establish that plaintiff was the procuring cause of the sale for the reason that he was not able to get the parties together on a price, and relies on the case of Bunnell v. Frederick, 123 Okla. 222, 253 P. 57. However, that case is distinguished from the present one for the reason that in the Bunnell Case the authority of the agent had been withdrawn prior to the sale. The evidence as to whether the authority in the present case was withdrawn was in conflict, and the finding of the jury is against the contention of the defendant. The evidence shows that the plaintiff first interested the purchaser in the property and continued his efforts up until the time of sale. That the purchaser was ready and willing to purchase the property as soon as a suitable price

was offered. While plaintiff was attempting to make the sale at a price of $275,000, defendant through another agent submitted to the same prospective purchaser a price of $225,000, which was accepted and the sale made. It is not disputed that plaintiff started the negotiations and developed the sale to the point where all that was necessary was to submit a suitable price. All that was done through the other agent was to submit the price. The purchaser testified that plaintiff furnished him all the information concerning the property. It is clear that the efforts of the plaintiff were the foundation upon which the negotiations resulting in the sale were begun.

In Abraham et al. v. Wasaff, 111 Okla. 165, 239 P. 138, it was held:

"A broker will be regarded as the procuring and efficient cause if his efforts are the foundation upon which the negotiations resulting in the sale are begun."

There are numerous cases of this court holding the same. See Cornell v. Howe, 131 Okla. 299, 269 P. 243; Rosenfield et al. v. Nelson, 102 Okla. 81, 226 P. 1032; Stuart et al. v. Mathews, 104 Okla. 105, 230 P. 696; Treese v. Shoemaker, 80 Okla. 235, 195 P. 766; Kerr et al. v. Parris, 115 Okla. 268, 242 P. 170.

2. It is also well established in this state that, whether a broker is the procuring cause of the sale is a question of fact for the jury, where there is any evidence tending to support the same. Schlegel v. Fuller, 48 Okla. 134, 149 P. 1118; Bichoff v. Russell, 46 Okla. 512, 149 P. 146; Harris v. Owenby, 58 Okla. 667, 160 P. 596; Chickasha Inv. Co. v. Phillips, 58 Okla. 760, 161 P. 223; Rosenfield v. Nelson, 102 Okla. 81, 226 P. 1032; Stuart v. Mathews, 104 Okla. 105, 230 P. 696; Purcell v. Gill, 148 Okla. 288, 298 P. 591.

3. Defendant next asserts error was committed in admitting evidence of conversations had between plaintiff's assistants and the prospective purchaser. It is contended that defendant not having been present when such conversations were had, they were hearsay and incompetent. These conversations all related to the sale of the particular property involved herein. This evidence was competent for the purpose of determining whether or not plaintiff was the procuring cause of the sale. We are unable to find that this precise question has been passed on in this jurisdiction, but it is well established by the weight of authority.

Leonard v. Roberts, 20 Colo. 88, 36 P. 880; Luhn v. Fordtran, 53 Tex. Civ. App. 148, 115 S. W. 667; Fordtran v. Stowers, 52 Tex. Civ. App. 226, 113 S. W. 631; Obenauer v. Solemon, 151 Mich. 570, 115 N. W. 696; Keith v. Peart, 115 Wash. 552, 197 P. 928.

4. Error is also assigned in the giving of the following instruction:

"You are instructed that a broker is a procuring cause of a sale when he procures a purchaser for the principal's property who is ready, willing and able to buy and starts negotiations, which said negotiations result in the coming together of the owner and purchaser in the personal relation of vendor and vendee."

It is contended that while this instruction may be correct as an abstract proposition of law, it is objectionable for the reason that there was no evidence that the prospective purchaser procured by plaintiff was ready, willing, and able to buy. The same objection is also made to another instruction. The evidence shows that defendant did sell the property to the purchaser procured by plaintiff, and it was therefore unnecessary to introduce any evidence on that question. In Schlegel v. Fuller, supra, it was held:

"Where a sale is actually made and the deal closed by the owner himself, then the question of the ability, readiness, and willingness of the purchaser to buy is eliminated. And the fact that the owner himself closed the deal will be taken as conclusive that the terms were satisfactory to him."

Under the facts of this case, the phrase "ready, willing and able" to buy could have been omitted from the instruction, but its inclusion could in no way prejudice the defendant.

Finding no prejudicial error in the record, the judgment of the trial court is affirmed.

The Supreme Court acknowledges the aid of Attorneys J. Wilford Hill, J. E. Falkenberg, and A. W. Billings in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Hill and approved by Mr. Falkenberg and Mr. Billings, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and RILEY, BUSBY, and PHELPS, JJ., concur.