## FARMERS UNION CO-OPERATIVE ROY-ALTY CO. v. ADAMS et al.

No. 27460.    Jan. 11, 1938.

Rehearing Denied March 15, 1938.

Chas. West, for plaintiff in error Farmers' Union Co-operative Royalty Company.

Mounts & Chamberlin and R. L. Farrington, for defendants in error I. M. Adams and Lulu Adams.

PHELPS, J.    This was an action for cancellation of a mineral deed and for judgment quieting title to real property commenced by defendants in error, as plaintiffs, against the plaintiff in error Farmers' Union Co-operative Royalty Company and M. A. Wilder and the Flag Oil Company, as de-fendants.    Upon trial to the court, there was a judgment for plaintiffs.    From the judgment, and the order denying a new trial, the defendant Farmers' Union Co-operative Royalty Company appeals, asserting that the decision and judgment of the court is contrary to law.

In their petition plaintiffs alleged the relationship of husband and wife; that the real estate involved was their homestead and was occupied by them as such at the time of the execution of the mineral deed, and that they are now occupying the land as a homestead.    That the deed was executed by the husband, without the wife joining, and is void and constitutes a cloud on their title to the land.

The defendants Farmers' Union Co-operative Royalty Company and the Flag Oil Company filed separate answers denying generally the allegations in the petition and pleading specially that the action was barred by limitations; also, that plaintiffs were estopped by virtue of their having received and retained dividends paid by the Farmers' Union Co-operative Royalty Company on its stock.    By counterclaim the Farmers' Union Co-operative Royalty Company sought to recover from the plaintiff I. M. Adams certain sums paid to him as bonus and rentals on an oil and gas lease executed by the plaintiffs to the defendant M. A. Wilder subsequent to the execution of the mineral deed sued on.    The proof submitted on the trial supports the allegations contained in plaintiffs' petition.

Section 9661, O. S. 1931, among other things, provides:

"* * * No deed, mortgage, or contract relating to the homestead exempt by law, except a lease for a period not exceeding one year, shall be valid unless in writing and subscribed by both husband and wife, where both are living and not divorced or legally separated. * * *"

In construing the foregoing statute this court, in Treese v. Shoemaker, 80 Okla. 235, 195 P. 766, in the syllabus, held:

"An oil and gas lease containing the usual provisions of such lease. covering a homestead, is such a grant of the use and occupancy of, and interest in, the homestead, as requires the joint consent of both the husband and wife."

See, also, Standard Savings & Loan Ass'n v. Acton, 178 Okla. 400, 63 P. (2d) 15; Sperry Oil & Gas Co. v. Chisholm, 264 U. S. 492, 68 L. Ed. 808.

Inasmuch as all questions presented on this appeal have been decided in the cases

cited adversely to the contention of the plaintiff in error, the judgment of the trial court is affirmed.

CORN, GIBSON, HURST, and DAVISON, JJ., concur.