## CLARK v. BRADFORD et al.

No. 28044.   Oct. 11, 1938.

John F. Thomas (Edward Clark and W. R. Withington, on the brief), for plaintiff in error.

C. T. O'Neal, for defendants in error.

CORN, J. This appeal seeks reversal of judgment rendered upon the verdict of a jury in favor of the defendants and against the plaintiff in an action upon certain promissory notes, and for foreclosure of a real estate mortgage securing the same.

As a defense to the action the defendants pleaded payment of the notes, and at the trial introduced in evidence receipts signed by P. H. Clark, plaintiff's assignor, who was a brother of the plaintiff and who was also acting as her agent in the collection of said notes, evidencing payment in cash of nearly all the indebtedness, and producing testimony of two other payments for which the defendants could not produce the receipts, and explaining the reason for their inability to do so. The plaintiff undertook to show that certain of the receipts had been raised in amounts by forgery, but the jury found generally for the defendants, and the court entered judgment canceling the mortgage and quieting the title to the property.

Plaintiff in error contends that the judgment was contrary to the evidence and not sustained by sufficient evidence or any evidence at all, and was contrary to law.

The defendant presented a question of fact for the jury, and the jury, under proper instructions by the court ,found in favor of the defendants.

This court has held repeatedly that the jury are triers of the facts, and the sole and exclusive judges of the evidence and the credibility of the witnesses, and when there is evidence reasonably tending to support the findings of the jury, the same will not be disturbed on appeal. Eichoff v. Russell, 46 Okla. 512, 149 P. 146; Gregory v. State, 126 Okla. 117, 258 P. 902; and Patterson v. Roxana Petroleum Co., 109 Okla. 89, 234 P. 713.

This appellant further contends that the trial court committed prejudicial error in admitting evidence of another and distinct transaction in no way connected with the issues involved.

The plaintiff sought to show that certain receipts offered in evidence by defendants had been altered and the amounts therein raised by forgery, and in this connection the plaintiff pointed out erasures on the receipts as evidence that said receipts had been altered, and the defendants claimed that the plaintiff's agent made the erasures himself in writing the receipts, and in support of this contention introduced in evidence a series of receipts between the same parties, but in another transaction, to show that he habitually made errors in writing receipts and erased and corrected them; that the receipts in question were not out of the ordinary of receipts written by him.

The authorities cited and relied upon by the appellant do not present a parallel situation and are not applicable to the instant case. The receipts in the other transaction were not offered to affirmatively establish any material fact involved in the issues, but merely to rebut any inference which might be deducible from the erasures, which were urged by the plaintiff as a circumstance tending to show forgery.

Finding no prejudicial error in the record, the judgment of the trial court is affirmed.

OSBORN, C. J., and WELCH, GIBSON, and HURST, JJ., concur.