REYNOLDS v. FRY.

No. 29414. Sept. 10, 1940.

Rehearing Denied Oct. 8, 1940.

*105 P. 2d 1044.*

Priest & Belisle, of Oklahoma City, for plaintiff in error.

Paul F. Showalter, J. F. Colson, and David A. Kline, all of Oklahoma City, for defendant in error.

GIBSON, J. This is an action by a broker to recover a commission allegedly earned in procuring a real estate loan for defendant. Trial to the court without a jury resulted in judgment for plaintiff, and the defendant appeals.

There is evidence to the effect that defendant by oral agreement employed plaintiff to procure a loan for him, for which service plaintiff was to receive a specified commission. Plaintiff solicited a Mr. Harris, who declined to make the loan for the reason that he was without sufficient funds at the time. Later, Harris, through his exclusive efforts, obtained a loan from a relative for the defendant. Plaintiff now seeks to recover a commission, alleging that she was the procuring cause of the loan transaction between Harris' relative and the defendant; and the only question on appeal is whether the evidence sufficiently supported the allegation.

There is no evidence of exclusive right or agency in the plaintiff to procure the loan. A broker who is without exclusive agency to perform the particular services for which he was engaged is not entitled to commission unless he was the procuring cause of the transaction out of which the alleged right to commission arose; and in order to be the procuring cause of the transaction, the broker must first call the prospect's attention to the proposed transaction, and start the negotiations which culminate in consummation of the deal in question. J. L. Lemmon Co. v. Oppenheimer, 155 Okla. 209, 8 P.2d 679.

Here, a broker, without exclusive agency or power, applied on behalf of his principal to an individual for a loan.

The individual was unable to make the loan, but on his own initiative he procured from another party a loan for the broker's principal. In such case the broker has no cause of action for a commission.

The evidence shows that plaintiff attempted to deal with Harris as an individual, not as agent of the party who made the loan. There was no effort on her part to procure a loan from the lender. Therefore she did nothing to bring the minds of the contracting parties into agreement, nor did she start negotiations that culminated in the loan contract. In the absence of these elements, a broker cannot recover, unless he was in some manner hindered by the bad faith of his principal.

Plaintiff asserts that she was first to start negotiations with the customer or lender, and that her efforts in this respect were the foundation upon which the final transaction rested, and that she was therefore the procuring cause of the loan. Abraham v. Wasaff, 111 Okla. 165, 239 P. 138; Artlin Realty Co. v. Glass, 170 Okla. 588, 41 P.2d 471. But in those cases the broker started the negotiations with the customer who completed the transaction from which the commission was claimed. Here the broker did not procure the one who made the loan.

Plaintiff also asserts that under the pleadings she is not required to show procuring cause. She says in this respect that she was merely employed by defendant to aid him under his direction in procuring a loan, and as compensation for her services was to receive a commission. She says she performed the services for which she was employed. But, as we view the case, plaintiff's action is predicated upon an ordinary broker's contract, and is prosecuted upon the theory of procuring cause.

We must hold that the evidence relative to the question of procuring cause is insufficient to support the judgment of the court.

The judgment is reversed and the cause remanded, with directions to enter judgment for defendant.

BAYLESS, C. J., and CORN, DAVISON, and DANNER, JJ., concur.