CORNELL v. MORGAN.

No. 34510.   Sept. 25, 1951.

*235 P. 2d 946.*

Spiers & Bodovitz, Oklahoma City, for plaintiff in error.

Bohanon & Adams, Oklahoma City, for defendant in error.

JOHNSON, J.   Claude W. Morgan brought this action in the district court of Oklahoma county, Oklahoma, against Phil A. Cornell.

The parties herein will be referred to as they appeared in the trial court, i.e., Claude W. Morgan as plaintiff and Phil A. Cornell as defendant.

Plaintiff alleged in his petition that on February 1, 1947, he entered into an oral agreement with defendant, whereby he was to be paid a ten per cent (10%) commission on any rentals paid for drill pipe or oil well equipment rented by him for the defendant; that as a result of his negotiations with the Denver Producing & Refining Company,

the defendant leased to said company 15,000 feet of drill pipe and hand tools, for which the company paid defendant a rental of $32,620.40, and that the defendant was indebted to him in the amount of $3,262.

The defendant answered admitting that he was engaged in the business of renting drill pipe and oil well equipment, but denied authorizing plaintiff to solicit said company for the rental of drill pipe and oil well equipment; denied that plaintiff was his agent in this transaction, or that defendant had any contractual relationship with the plaintiff in the rental of this equipment.

A jury trial was had upon the issues thus formed, resulting in a verdict and judgment for plaintiff in the sum asked for in his petition.

Motion for new trial being overruled, defendant appeals.

Numerous assignments of error are made by the defendant, which are presented under three propositions.

The first is that there was a defect of parties, because the defendant was sued individually, when the transaction, if any, was with a copartnership.

The defendant argues that certain evidence given by him on cross-examination discloses that if plaintiff had any contractual relationship with anybody, it was with the copartnership of Phil A. Cornell and his wife; that since the partnership was not sued the plaintiff was not entitled to a judgment against him individually.

This contention is without merit. Where, as here, question of defect of parties was not raised by demurrer or answer, it is waived. Title 12 O.S.A. §269; Culbertson v. Mann, 30 Okla. 249, 120 P. 918; Mainard v. Fowler, 171 Okla. 582, 42 P. 2d 878; Tudor v. American Inv. Co. of Enid, 163 Okla. 274, 21 P. 2d 1056; 39 Am. Jur., Parties (Waiver) §111 et seq.

Defendant's second and third propositions are to the effect that since the plaintiff testified that he did not have a permit as a broker from the Oklahoma Tax Commission under the provisions of Title 52 O.S.A. §§372 and 373, that the court committed error of law when it refused to allow counsel for the defendant to argue that fact to the jury; and the emphasis of the court when sustaining the objection to the argument had a prejudicial effect on the jury to the extent that it is impossible to determine what the verdict of the jury would have been if counsel had been allowed to argue his theory of the evidence that had been admitted without objection.

We think these contentions are without merit.

In this connection, the defendant argues that the testimony showed that plaintiff was a broker within the provisions of 52 O.S.A. §§372 and 373, supra, and having failed to obtain a license was not entitled to maintain this action and that he was entitled to argue this question to the jury.

These sections of the statute, in our opinion, have no application to the facts in the instant case. The statute was for the protection of owners of oil field property and to prevent the theft and sale of such property by requiring all parties attempting to lease or sell oil field equipment to keep records thereof, and a failure to comply with said statute constitutes a crime but not an abrogation of any contractual rights.

No other questions being raised by the parties herein and the case having been fairly tried to a jury on the issues raised by the pleadings under proper instructions, and there being evidence reasonably tending to support the verdict of the jury and the judgment of the court based thereon, the judgment is affirmed.

CORN, GIBSON, DAVISON, O'-NEAL, and BINGAMAN, JJ., concur.