BOCK v. SYPERT.

No. 34643.   Dec. 26, 1951.

239 P. 2d 398.

Malcolm E. Rosser, Muskogee, for plaintiff in error.

A. M. de Graffenreid and Garrett & Garrett, by Claude W. Garrett, Muskogee, for defendant in error.

PER CURIAM. This action originated in the city court of Muskogee county, for the recovery of a real estate broker's commission. From an adverse judgment the defendant appealed to the district court where on trial de novo before a jury the verdict and judgment was again for the plaintiff. From this judgment, the defendant has appealed.

For reversal it is urged the trial court erred in refusing to sustain the defendant's demurrer to the evidence and in refusing a directed verdict for defendant. It is also urged it was not alleged and proved that the claim had been assessed and the taxes paid under the Intangible Tax Laws.

The listing of the property with the real estate broker in 1942, is admitted. It appears undisputed that the property was later sold by the owner to a customer who had been contacted by the broker for the purpose of sale of the property. It is urged, however, that the sale of the property was withdrawn from the broker prior to the consummation of the sale and that the broker was not the procuring cause. This issue was submitted to the jury under proper instructions and by the verdict the jury found the property was listed with the broker for sale, that it had not been withdrawn from him, and that he was the procuring cause in making the sale. There being evidence reasonably tending to support the verdict it will not be disturbed on appeal. Eichoff v. Russell, 46 Okla. 512, 149 P. 146, and Roberts v. Markham, 26 Okla. 387, 109 P. 127.

It is also urged that the trial court erred in refusing to give defendant's requested instructions 3 and 4. Considering these instructions and taking the instructions as a whole and construing them together, the issues were fairly submitted to the jury, the same are therefore sufficient. Labenne v. Kaufman, 184 Okla. 565, 89 P. 2d 281; Breshears v. Wright, 180 Okla. 553, 71 P. 2d 455.

The plaintiff did not, however, in his pleadings, allege compliance with the provisions of the Intangible Property Tax Law, nor did he make any proof with reference thereto on the trial of the cause. That such issue may be raised in this court for the first time has been repeatedly held by this court, see Pfrimmer v. Tidwell, 205 Okla. 262, 236 P. 2d 978, and the cases therein cited. In that case also we specifically held that a real estate broker's commission was a claim which was subject to the provisions of this tax. The plaintiff's cause of action accrued in September, 1943, and the present action was commenced in October, 1944. The claim was therefore taxable prior to the time the action was commenced.

Following Pfrimmer v. Tidwell, supra, the judgment is vacated and the cause remanded, with directions to the trial court to hear and determine the question as to whether there has been compliance with the Intangible Property Tax Law, and if plaintiff establishes compliance to render judgment for plaintiff, otherwise to dismiss plaintiff's action.

This Court acknowledges the services of Attorneys A. E. Montgomery, T. W. Arrington, and Charles H. March, who as Special Masters aided in the preparation of this opinion. These attorneys were recommended by the Oklahoma Bar Association, approved by the Judicial Council, and appointed by the court.

HALLEY, V.C.J., and WELCH, CORN, DAVISON, JOHNSON, and BINGAMAN, JJ., concur.