Landis SHELTON, Plaintiff in Error,

v.

E. O. TAPLEY, Defendant in Error.

No. 37908.

Supreme Court of Oklahoma.

June 17, 1958.

Rehearing Denied Sept. 9, 1958.

J. Fred Green, Fred D. Green, R. Bruce Green, Sallisaw, for plaintiff in error.

Paul V. Carlile, Sallisaw, for defendant in error.

PER CURIAM.

Defendant in error, plaintiff below, brought this action to recover a commission alleged to be due him from plaintiff in error, defendant below, as the result of a sale by plaintiff in error of certain real estate listed with defendant in error, for which sale defendant in error claimed to be the procuring cause. The allegations of the petition were controverted by an answer alleging only a general denial. The action was tried to a jury which returned a verdict for defendant in error upon which the court entered judgment against plaintiff in error who has appealed. Hereinafter we shall refer to the parties by their trial court designation.

The record contained the following evidence which is essential to the judgment; it is not all the evidence, nor was it undisputed. Plaintiff was a licensed real estate agent. Sometime in 1955 plaintiff secured from defendant a listing of his 350 acre farm to be sold "At a price agreeable to me. That I will pay him (E. O. Tapley) 5% of the total amount of the sale price, agreed herein." Elsewhere in the agreement it was provided "$35,000 total price including 5% commission" and "Expira-

tion Date May 24, 1956." In September 1955, plaintiff was contacted by a Mr. Downs and his son who informed him "they wanted to buy two places." Plaintiff showed these gentlemen several farms among which was the farm listed with him by defendant. Both father and son were in the market for a farm, the son immediately and the father "as soon as he sold his place in Kansas." When they had examined defendant's farm, Claud Downs, the father, stated "when I sell my place you have done showed me the place I will buy." Plaintiff then took " * * * them back and introduced them to * * *" the defendant and told him that " * * * we had a buyer * * *." Defendant sold this farm to Mr. Downs in April, 1956, for $28,000 after negotiating with Downs directly and without plaintiff's knowledge. During this intervening period Mr. Downs had returned to Sallisaw occasionally, and plaintiff had inquired of defendant concerning any negotiations with Downs and received a negative reply. At about the date the property was sold defendant came to plaintiff and "wanted me to take this off my list" so that it could be listed with another realtor. Plaintiff thereupon investigated and learned that defendant was in the process of completing the sale to Mr. Downs. Defendant then offered to pay plaintiff a relatively small commission which he refused. Defendant did send a post-dated check to plaintiff for $150 by delivering it to a Mr. Brown whom plaintiff had sent to defendant in an endeavor to learn the real situation, and by whom he had transmitted an offer to settle his commission for $500. Brown also received a post-dated check of $100 which was the part of the commission defendant offered to pay which Brown, a former associate of plaintiff, claimed as his share as promised by plaintiff. Plaintiff contradicted Brown's claim to an interest in the fee for the reason that they had terminated their business relationship several months before, and he also denied any authority of Brown to settle the claim for him at less than $500.

■ The first proposition argued by defendant concerns the court's instructions, and its failure to give instructions on certain matters. Defendant confesses that he made no objection to any of the court's instructions and that he requested no instructions by the court. Ordinarily this constitutes a waiver of any objection. Klaus v. Fleming, Okl., 304 P.2d 990. To avoid the foregoing conclusion, defendant insists that the errors alleged constitute fundamental error which this court will review. National Tank Co. v. Scott, 191 Okl. 613, 130 P.2d 316. The only instructions given by the court to which our attention is directed are those concerning damages. But these instructions contain no mis-statement of any fundamental principle of law. The defendant's argument is that they are contradictory on the amount allowable in the event the jury concluded that the original agreement for a 5% commission had been "abrogated" by a subsequent agreement through Brown. However, the instructions are not patently contradictory on this point, but authorize the exact recovery contended for by defendant had the jury accepted Brown's testimony. But if contradictory, any error in this regard would be harmless inasmuch as the jury returned its verdict for the 5% commission and against the conclusion that the commission contract had been changed by a subsequent agreement. The other arguments on this proposition deal with an alleged failure by the court to adequately instruct on the issues. First, it is asserted that the court should have defined the elements of a contract and what constitutes an "abrogation" of a contract. In addition it is claimed that the court should have defined the terms partner and agency as applied to plaintiff and Brown. These contentions lack merit. Defendant should have requested additional instructions on these aspects of the evidence if he felt those given by the court were not sufficiently clear. The court instructed the jury on the consequences of any authority of Brown to bind plaintiff by an agreement with de-

fendant, and defendant's complaint is limited merely to his assertion of a lack of completeness. This is not fundamental error. Likewise the failure to instruct the jury on some possible interest of Brown in a recovery of this fee presents no error. That is a matter involving a defect of parties which was waived by the defendant's failure to present the issue. Cornell v. Morgan, 205 Okl. 127, 235 P.2d 946; Tudor v. American Investment Co. of Enid, 163 Okl. 274, 21 P.2d 1056. Lastly, it was immaterial that defendant's wife owned an undivided interest in the property sold to Downs. This was an action on a contract between plaintiff and defendant in which defendant agreed to pay the realtor's commission on the sale of the 350 acres.

In the last proposition argued defendant asserts an alleged lack of sufficient evidence to sustain the judgment. Two points are argued: One, that Tapley did not procure the sale; two, that Tapley settled his claim with defendant.

The question in an action to recover a realtor's commission is whether the realtor was the procuring cause of the sale. To meet this test the agent must have called the purchaser's attention to the property and started negotiations with the owner which culminated in a sale. Vahlberg v. Callaway, 202 Ok. 504, 215 P.2d 543. But it is not essential that the real estate agent complete the negotiations, so long as he procured them. Artlin Realty Co. v. Glass, 170 Okl. 588, 41 P.2d 471; Bohnefeld v. Wahl, 97 Okl. 48, 215 P. 777. The jury in this case was instructed that plaintiff must have been the procuring cause of the sale to be entitled to the commission, and, in an action of this nature, where there is any evidence reasonably tending to support the jury's conclusion, it will not be disturbed on appeal. Bock v. Sypert, 205 Okl. 504, 239 P.2d 398; Fitch v. Braddock, 93 Okl. 78, 219 P. 703; Roberts v. Markham, 26 Okl. 397, 109 P. 127. The evidence heretofore noted is sufficient to sustain the jury's verdict.

The same conclusion follows as to the asserted settlement by plaintiff through Brown of his claim to a commission from the sale. The testimony of plaintiff was diametrical to that of Brown on this issue. The jury believed plaintiff.

Judgment affirmed.

The Court acknowledges the aid of the Supreme Court Commission in the preparation of this opinion. After a tentative opinion was written by the Commissioner, the cause was assigned to a Justice of this Court. Therefore, upon report and consideration in conference, the foregoing opinion was adopted by the Court.

HALLEY, JOHNSON, WILLIAMS, BLACKBIRD and JACKSON, JJ., concur.