E. O. TAPLEY, Plaintiff in Error,

v.

G. J. PATTON, Defendant in Error.

No. 38606.

Supreme Court of Oklahoma.

Feb. 9, 1960.

Kelly Brown, Muskogee, for plaintiff in error.

J. Fred Green, Fred D. Green, Bruce Green, Sallisaw, for defendant in error.

HALLEY, Justice.

This action was filed in the District Court of Sequoyah County on October 31, 1956 by E. O. Tapley against G. J. Patton, to recover a one-half interest in a real estate commission alleged to have been earned by the parties in the sale of 380 acres of land owned by Frank Yutterman and sold to M. J. Reinhart at a price of $42,000, $40,000 of which was received by Frank Yutterman and $2,000 paid to G. J. Patton as commission for making the sale.

It is not disputed that both the plaintiff and the defendant were both qualified real estate brokers under Oklahoma law. Plaintiff alleged that he and defendant entered into an oral agreement that if defendant had any large tracts of bottom land listed for sale, the plaintiff would secure a buyer and any commission made on the sale would be divided on a fifty-fifty basis; that the plaintiff did secure a buyer and defendant a listing of the Yutterman land and the sale completed as above stated, but that defendant had refused to divide the commission of $2,000 with plaintiff, who prayed for judgment for one-half of the commission, or $1,000.

The case was tried to a jury which returned a unanimous verdict for the defendant, G. J. Patton, and plaintiff has appealed. The parties occupy the same positions as in the trial court, and will be referred to by name or as plaintiff and defendant.

An examination of the record shows that neither party objected to the instructions given to the jury.

The plaintiff submits only one proposition, which is as follows:

"The verdict of the jury and the judgment of the court is not supported by the evidence and is contrary to the evidence and the instructions of the court."

While some other points are argued in the plaintiff's brief, the above expresses the principal contention to be considered. We have examined carefully all of the oral testimony and exhibits, and find it unnecessary to discuss all of the testimony. When we consider the nature of this action, we are certain that, being a law action, this Court must determine whether the verdict and judgment are supported by competent evidence, and it is not the duty of this Court to weigh the evidence and determine which side produced the evidence of greater weight.

Plaintiff and defendant had been friends for many years. Mr. Tapley was 67 years of age and Mr. Patton 83 years of age. They had discussed many times becoming partners in selling real estate. Mr. Tapley had for some time considered becoming connected with the Strout Realty Company of Sallisaw. After Mr. Tapley became so associated, it seems that he decided that he did not need a partner.

Mr. Patton testified in part as follows:

"Q. Mr. Patton, did you ever at any time agree to give Mr. Tapley one-half of the commission on the sale of the Frank Yutterman land to Mr. Reinhart? A. No, sir; I didn't agree to that unless we went in as partners. Of course, I knew that we would only get $500 a piece out of it because the Strout Realty would get half of it and we would only get a fourth each, but I was willing to do that if we had formed a partnership because I thought that might be all right for both of us.

"Q. Now, as a part of your dealings in forming a partnership did you ever exchange listings with Mr. Tap-

ley, you show him what you had he show you what he had? A. Well, I showed him mine, what I had with me that day, but he never did show me his.

"Q. When you showed him your listings was that because you were getting ready to form a partnership so you showed him what listings you had? A. Yes, I said, 'Here are my listings. Put them in your file and we'll use them if we become partners.'

"Q. Was the Yutterman listing one of the listings that you showed Mr. Tapley at that time? A. No, not at that time. I didn't have Mr. Yutterman's listing with me at that time. That was some listings I had in and around Muldrow."

All of the testimony shows that Mr. Tapley had nothing to do with obtaining the listing of the land in question or with closing the sale. He must rely upon a partnership agreement with Mr. Patton, or he has no claim to part of the commission. Mr. Patton was asked this question and made this answer:

"Q. Did you have any understanding or agreement with Mr. Tapley that you would split your commission with him if you sold that place to Mr. Reinhart?

"A. No, sir; not a thing in the world, unless we became partners."

■ The plaintiff admits the general rule of law that if there is any competent evidence reasonably tending to sustain the verdict, though the evidence be conflicting, this Court will not review the evidence for the purpose of determining the weight thereof and substitute the judgment of the court for the judgment rendered by the verdict of the jury and thus substitute the court's judgment on the weight of the evidence for that of the jury.

Our attention is called to a recent decision of this Court in Bankers Service Life Ins. Co. v. Ray, Okl., 340 P.2d 255, wherein this well established rule is clearly announced.

■ The plaintiff cannot complain of the instructions to the jury. The plaintiff offered no requested instructions and did not object to any instruction given by the court. This rule was recently announced in Landis Shelton v. Tapley, Okl., 329 P. 2d 672.

We must conclude that under the facts before us and the applicable law, the judgment of the trial court, based upon the verdict of a fairly instructed jury, must stand, since there is competent evidence to support it, even though the evidence is conflicting upon the decisive issues of fact. The judgment is affirmed.