H. B. DAVIDSON, Appellant,

v.

R. M. VANDEGRIFT, F. B. Meyer and Gibraltar Oil Company, a limited partnership, Appellees.

No. 6622.

United States Court of Appeals Tenth Circuit.

July 11, 1961.

Philip R. Douglas, Oklahoma City, Okl. (Harry C. Marberry, Oklahoma City, Okl., was with him on the brief), for appellant.

John Joseph Snider, Oklahoma City, Okl. (James D. Fellers and Mosteller, Fellers, Andrews, Snider & Baggett, Oklahoma City, Okl., were with him on the brief), for appellees.

Before MURRAH, Chief Judge, and BRATTON and BREITENSTEIN, Circuit Judges.

BREITENSTEIN, Circuit Judge.

Appellant Davidson sued Gibraltar Oil Company, a limited partnership based in Oklahoma, and its two general partners, Vandegrift and Meyer, for broker's commissions allegedly due because of the sale of oil and gas properties for Gibraltar. Jurisdiction is based on diversity. Trial was to the court which held for the defendants and the plaintiff appeals.

In December, 1956, the partners decided to liquidate Gibraltar. The two transactions involved herein were part of that liquidation. Gibraltar employed one Rainey to supervise the liquidation and Rainey used various brokers, including appellant, to assist in the sale of the Gibraltar properties. Appellant was not an exclusive broker and knew that

other brokers were working on and made sales of the properties being liquidated. On some sales made for Gibraltar by appellant he received a percentage commission and on others he made a profit in the amount of the difference between the Gibraltar asking price and the actual purchase price. Without the knowledge of the Gibraltar partners, approximately $11,000 of the compensation received by appellant for his services was channeled back by appellant, either directly or indirectly, to Rainey or members of Rainey's family in the form of "gifts."

The first claim relates to the sale of certain Oklahoma and Nebraska oil and gas properties by Gibraltar to Marion Oil Company. Appellant had acted as broker on the sale of some Gibraltar properties to Bill Ladusau and Jack Hodgden and in connection therewith had introduced Gibraltar's liquidating agent, Rainey, to Ladusau. Subsequently, Rainey negotiated the sale of the properties involved in the first claim to Marion Oil Company through Ladusau who received for his services a participating interest after the return of the purchase price. The trial court found that appellant performed no services on behalf of Gibraltar in connection with this sale. Appellant claimed a 5% commission because of the sale and Gibraltar, to compromise the dispute, sent him a check for $3,650 equalling 1% of the sale price. Appellant cashed the check and has not offered to return the proceeds.

■■■ Under Oklahoma law a broker who is without exclusive right to perform the particular services for which he was engaged must be the procuring cause of the transaction out of which the alleged right to commission arose.[1] A broker is the procuring cause if he first calls the prospect's attention to the proposed transaction and starts the negotiations which culminate in the consummation of that transaction.[2] Oklahoma

further holds that the question of whether a broker is the procuring cause of a sale is a question of fact.[3] In the case at bar the trial court found that appellant was not the procuring cause of the sale involved in the first claim. There is substantial evidence to sustain this finding. It is not clearly erroneous. In the circumstances it is not necessary to consider the other defenses to the first claim.

The second claim involves the sale of other oil and gas properties to Marion Oil Company. In this transaction there was a written agreement for the sale and purchase and upon it was endorsed the following which comprised the entire brokerage agreement:

"Gibraltar Oil Co. agrees to pay H. B. Davidson a 5% Commission in the event this sale is consummated."

This sale involved, among other properties, two leases in San Juan County, New Mexico, which were described in terms of the percentage interest owned by Gibraltar. It developed that these properties were encumbered by "Net Profits Payments" amounting to $106,439. Upon discovery of this encumbrance Marion declined to go through with the sale. Gibraltar then sued unsuccessfully in the United States District Court for the Northern District of Oklahoma to compel enforcement of the contract. Gibraltar contends that appellant is entitled to no commission because the agreement was for compensation after consummation of the sale and that never happened. Appellant argues that he is entitled to a commission because a binding contract of sale was executed and consummation was prevented by misrepresentations of Gibraltar as to title.

■■■ It is not necessary here to delve into the Oklahoma law as to whether the completion of an executory contract for the sale and purchase of property is "consummation" of a sale so as to entitle a broker to commission because

1. Reynolds v. Fry, 188 Okl. 61, 105 P.2d 1044.

2. Ibid.

3. Shelton v. Tapley, Okl., 329 P.2d 672; Yarborough v. Richardson, 38 Okl. 11, 131 P. 680.

Oklahoma has held that a broker is not entitled to a commission when, at the time of finding the customer, he knows or should have known of the defects which defeat the transaction.[4] Gibraltar, prior to the liquidation activities, had furnished appellant with an engineering report from which he worked in selling Gibraltar's properties. This report clearly showed the encumbrance on the San Juan County, New Mexico, leases by the net profit payments. Appellant was as much at fault as Gibraltar in not disclosing the encumbrance to the purchaser and hence is entitled to no commission on the sale involved in the second claim.

Affirmed.

---

**4.** Wewoka Petroleum Corporation v. Gilmore, Okl., 319 P.2d 285, 291; Monzingo v. Bowers, 135 Okl. 225, 275 Pac. 339, 340–341.