JOSEPH STUDER and Others v. KENNEY E. BYSON.[1]

June 17, 1904.

Nos. 13,906—(139).

**Sale of Real Estate—Commission.**

In an action brought by a land agent to recover commissions for pro-
curing a sale of defendant's farm listed with him, *held* that between in-
formation given by such land agent to the purchaser and the actual sale
which was made there was an intervening independent cause, which led
to and induced the purchase, which deprived the agent of the right to
the commissions he claimed.

Appeal by plaintiffs from an order of the district court for Stearns
county, Searle, J., denying a motion for judgment notwithstanding
the verdict or for a new trial. Affirmed.

*J. D. Sullivan,* for appellants.

*Stewart & Brower,* for respondent.

LOVELY, J.

Plaintiff brings this action to recover $200 alleged to be due in pro-
curing a purchaser for defendant's farm under an alleged contract with
the latter, wherein it is set forth that defendant employed the plain-
tiff to secure a sale of his farm of one hundred sixty acres at $36 an
acre, and agreed to pay $200 for his services if he secured a purchaser.
At the trial defendant had a verdict under the direction of the trial
court, and from an order denying plaintiff's alternative motion for
judgment or a new trial this appeal is taken.

We are satisfied from an examination of the testimony in this case
that the trial court was justified in directing the verdict upon the ground
that the evidence seems wholly insufficient to show that plaintiff was the
procuring cause of the sale. The plaintiff was engaged in selling real
estate upon commission. The subsequent purchaser was stopping at
the home of one Bahe, a former friend from Iowa, with whom he was
visiting at his home in the country with the purpose of purchasing a
farm. The plaintiff Studer met Bahe on the street in town, and de-

[1] Reported in 100 N. W. 90.

sired him to take his visitor to a farm which he had to sell, called the "Byson Place." It appears that when this was spoken of it was called the "Williams Place." Bahe was not acquainted with Byson or his farm, which the owner had shortly before purchased. The next morning, when Bahe set out with his visitor to look after farms, he took the intending purchaser, Groepper, to several tracts of land, but no trade was made. When he finished inspection of four farms, at the last place, owned by a man named Caters, the latter informed him that Byson would sell his farm. Bahe said he did not think so, as the owner had recently bought it. Both Bahe and Groepper went to the Byson place. The intended purchaser made the trade, and paid the same price for it that it had been listed with the plaintiff to sell.

The most that can be said of the testimony to show that the plaintiff was the procuring cause of the sale was that he informed Bahe the day before that he had it for sale, giving it the name of the Williams place; that afterwards Bahe, in searching around, received positive information, upon which he acted without reference to the statement made to him the day before that the Byson place was for sale. The independent information of Caters which led to the sale was definite and clear, and led directly to the purchase, and upon the evidence it seems to us clear that it was the procuring cause of the purchase. The mere fact that plaintiff gave information, unless it can be shown that it had some reasonably direct connection between such information and the purchase, would be insufficient to establish that the plaintiff was the procuring cause of the same. The landowner had the right to sell himself, and in doing so, unless there could be some reasonably sufficient relationship traced between the information given by the plaintiff and the purchase, the acts of the land agent cannot be regarded as the procuring cause thereof simply because he had told the friend of the purchaser to show it to him, when it appears, as it clearly does here, that an independent source of information was the cause which led to the sale.

Order affirmed.