# YARBOROUGH v. RICHARDSON.

No. 2580.  Opinion Filed April 15, 1913.

(131 Pac. 680.)

1.  **COURTS—Appeal from Justice of the Peace—Transfer to Superior Court.** A case pending on appeal in the county court from a justice of the peace court may be transferred on motion of plaintiff to the superior court.

2.  **BROKERS—Sale of Land—Right to Commission.** If, after the tract of land or realty is placed in the agent's hand for sale, a sale is brought about by his exertions, he will be entitled to his commission; or if the agent introduces or discloses the name of the purchaser to the vendor for such purpose, and through such introduction or disclosure negotiations for the sale of the property are begun and then effected by the vendor, the agent is entitled to his commission.

    (a)  To entitle the agent to commission there must be an employment, and his service must be the immediate and effective cause of the bargain.

    (b)  But if the services of the agent, whatever they be, fail to accomplish a sale, and several weeks have elapsed after the proposed purchaser has decided not to buy, he is induced by another party to consider the matter, and then makes the purchase as the consequence of such secondary or supervening influence, the agent has no right to a commission.

    (c)  **Held,** under the facts as disclosed by the record, the question as to "efficient cause" of the sale should have been submitted to the jury for their determination.

(Syllabus by the Court.)

*Error from Superior Court, Custer County;*
*J. W. Lawter, Judge.*

Action by C. E. Richardson against J. E. Yarborough. Judgment for plaintiff, and defendant brings error. Reversed, with instructions.

*Edwards & Ash,* for plaintiff in error.

WILLIAMS, J.  The defendant in error, as plaintiff, sued the plaintiff in error, as defendant, in a justice court

in Custer county to recover $136.12 as commission on a certain land sale. After a trial judgment was had for plaintiff in said sum. An appeal was prosecuted to the county court of Custer county where, on motion of plaintiff, the cause was transferred to the superior court of said county. A trial was there had and a verdict directed in favor of plaintiff. All preliminary matters having been observed, this proceeding was instituted to review the action of the lower court.

Questions are raised (1) as to the jurisdiction of the superior court; (2) as to the action of the court in excluding certain evidence offered by defendant for the purpose of showing who effected the sale; and (3) as to the directing of the verdict in favor of the plaintiff. Neither has any appearance been made by counsel nor any brief filed in this court on the part of the defendant in error.

1. In *Oklahoma Fire Insurance Co. v. Phillip*, 27 Okla. 234, 111 Pac. 334, it was held:

"A case pending on appeal in a county court from a judgment of a justice of the peace may be transferred on motion of plaintiff to a superior court, and held, tried, and determined by it."

2. The defendant admitted that he agreed to pay the plaintiff a commission of 5 per cent. of the reasonable value 'of a certain farm belonging to him, provided the plaintiff was the cause of effecting. a sale or exchange of the same, but de- nied that the plaintiff effected the same. He admitted that plaintiff sent one W. A. Prince to him as a purchaser of said farm, but alleged that he looked at the same, but was not then satisfied with the offer made thereon by plaintiff, and wholly abandoned making any trade therefor. He further alleged that said farm was at that time, and had been for some time prior thereto, listed with Frank Goodwin, of Dill, Okla., for sale; that, about a month after the said Prince inspected said farm, the said Frank Goodwin communicated with him and induced him to return to Dill, Okla., for the purpose of looking over some other farms listed by this de-

fendant for sale with the said Frank Goodwin; that the said W. A. Prince did return to Dill, Okla., and, having investigated the other farms mentioned, did not consummate any trade for any of them with the said Frank Goodwin; that a trade was later made by Frank Goodwin with the said Prince for the farm, the purchasing of which he had abandoned, when dealing with the plaintiff. The defendant offered evidence to sustain this issue, a part of which was excluded.

We will consider the question of the competency of the evidence and the action of the court in directing a verdict against the defendant. In *Roberts v. Markham et al.,* 26 Okla. 387, 109 Pac. 127, paragraph 2 of the syllabus is as follows:

"If, after the lot or realty is placed in the agent's hands for sale, it is brought about and procured by his advertisements or exertions, he will be entitled to his commission, or if the agent introduces or discloses the name of the purchaser to the vendor for such purpose, and through such introduction or disclosure negotiations for the sale of the property are begun, and then effected by the vendor, the agent is entitled to his commissions."

The agent, under the finding of the court in this case, effected the sale. In the one at bar, though the introduction was brought about by the agent, yet it is denied by the principal that by the acts of the agent the sale was consummated or effected. None of the cases cited in *Roberts v. Markham et al., supra,* hold, as to the fact of introduction of the vendee by the agent to the principal or vendor, where the sale is afterwards consummated, that that *per se* is conclusive that the sale was effected by such agent.

In *Earp v. Cummins,* 54 Pa. 394, 93 Am. Dec. 718, it is said:

"If a mere introduction of the property to the notice of the buyer effects the sale, the broker earns his commission. An advertisement or any other service is enough if it be the immediate and efficient cause of the bargain. But if the services of the broker, whatever they be, fail to accomplish a sale,

and several months after the proposed purchaser has decided not to buy, he is induced by other persons to reconsider his resolution, and then makes the purchase as the consequence of such secondary or supervening influence, the broker has no right to a commission. In a certain sense it may be true that the purchase was in consequence of the broker's advertisement; but for that, the purchaser may never have looked at the property, nor entertained a thought of buying it, but the evidence in this case shows that it was at least due to another so distinct and separate a cause that it was a mistake to permit the broker to recover. The simple answer to nis demand was that if the evidence was believed he did not cause the sale; that is, his agency was not the immediate and efficient cause of the sale, and law regards only proximate, and not remote, causes."

See, to the same effect, *Studer et al. v. Byson,* 92 Minn. 388, 100 N. W. 90; *Quimby v. Tedford,* 4 Colo. App. 210, 35 Pac. 276; *Babcock v. Merritt,* 1 Colo. App. 84, 27 Pac. 882; *McCrory v. Kellogg,* 106 Mo. App. 597, 81 S. W. 465; 19 Cyc. 258.

3. The question as to whether the sale was effected by the plaintiff should have been left to the jury for determination under proper instructions.

The judgment of the lower court is reversed, with instructions to grant a new trial and proceed in accordance with this opinion.

All the Justices concur.