## CLINE et al. v. HALL.

No. 13457—Opinion Filed June 17, 1924.

Rehearing Denied Dec. 23, 1924.

(Syllabus.)

### Sales—Stipulated Damages for Breach—Effect as to Converting Contract into Mere Option.

The insertion in a contract of sale of property of a provision that, in event of a breach thereof by either party, a sum of money designated therein shall constitute the amount of damages sustained by the party not defaulting, and which does not prohibit such party from enforcing specific performance of such contract, does not convert into a mere option a contract which otherwise would be one of sale and purchase.

Error from District Court, Stephens County; Cham Jones, Judge.

Action by R. W. Cline and L. A. Boykin, partners, against Emmett D. Hall. Judgment for defendant, and plaintiffs bring error. Reversed and remanded for new trial.

J. G. Clift, for plaintiffs in error.

Bond & Morris, for defendant in error.

LYDICK, J. This action was instituted in the district court of Stephens county by R. W. Cline and L. O. Boykin, partners, against Emmett D. Hall for the recovery of a sum of money which the plaintiffs claimed from the defendants as a broker's commission for the sale of a stock of merchandise belonging to the defendant and sold unto one Burkleo. The action is based upon an oral contract, and the amount of commission claimed is five per cent. of the sale price. The defendant in his answer pleaded that his agreement with the plaintiffs was that a commission was to be paid plaintiffs only in event they obtained a purchaser who would take the stock and pay the defendant all cash for the same. He pleaded that the purchaser entered into a contract in relation to taking this stock of goods which was nothing more than an option and which was

not a binding contract, and that the purchaser elected to forfeit the money he had put up for such option and did not take the stock of goods. For these reasons, the defendant pleaded that, under the express terms of his contract with the plaintiffs, they were not entitled to a commission, and that they were not entitled to a commission by operation of law because the plaintiffs had not produced a purchaser ready. willing, and able to purchase the stock of goods and had him enter into a binding contract so to do.

The case was tried to the court and a jury. At the conclusion of the plaintiff's testimony the defendant demurred thereto, and the demurrer was sustained, and upon a directed verdict the court rendered judgment in favor of the defendant and against the plaintiffs. The plaintiffs bring the case here on appeal by petition in error with case-made attached.

The testimony of the plaintiffs is easily capable of an interpretation to the effect that the defendant agreed to pay the plaintiffs a commission of five per cent. upon the purchase price in event they produced a buyer who was ready, willing, and able to take the stock of goods and pay cash for the same in an amount satisfactory to the defendant. The evidence is sufficient to require the submission of that issue to the jury. The plaintiffs produced Mr. Burkleo, who entered into a written contract with the defendant to purchase the merchandise. The defendant thereby sold Mr. Burkleo the stock of goods involved at invoice price plus a bonus of $500, all of which the purchaser bound himself to pay. The testimony shows that the purchaser was able to respond and pay the purchase price. This concluded all the services required of the plaintiffs and clearly entitled them to recover the commission. unless it be held that the contract was a mere option and not one of purchase and sale.

The contract is a well-worded instrument, clear in its expressions, defining without uncertainty the property to be sold, how the invoice price was to be determined and paid, and all other details necessarily incident to such a transaction. At the conclusion thereof there is inserted a separate paragraph reading as follows:

"It is further agreed that each party hereto shall deposit with this contract the sum of one thousand dollars ($1,000) and in the event of the failure on the part of either party hereto to fulfill the terms hereinbefore mentioned, on his part to be performed, then said First National Bank is hereby authorized to deliver to the other party the said sum of one thousand dollars ($1,000) as liquidated damages for such breach and failure."

Immediately after the execution of this contract the parties invoiced the stock of goods. The invoice amounted to more than $16,000, while the defendant in negotiating the contract of sale, had represented that he thought, from his former invoice, that the same would run to only $8,000 or $10,000. Apparently on account of this surprise the purchaser declined to take the stock of goods. The defendant pleaded in his answer that he took down the $1,000 as damages deposited by the purchaser in the bank, but the evidence is silent as to what was done by the defendant on account of the purchaser's breach of contract.

Under the law and rules of evidence it might be difficult to establish the amount of damages which either party to this contract of sale would sustain by breach thereof by the other party. Evidently the parties and their legal advisors, in drawing the contract, thought such to be the case and, therefore, believed that a stipulation of a reasonable, fixed amount as damages would be a lawful one. If such be the facts, then this paragraph in the contract is valid, but otherwise, it is merely a nullity. Without this provision in the contract, the defendant, Hall, when the purchaser refused to take such stock of goods, could sue for damages and recover the amount which he could establish under the law and rules of evidence. With this provision in the contract, in event the court held it exceedingly difficult to fix the amount of damages, the defendant, Hall, by suit could have recovered as damages this stipulated sum of $1,000. Without this provision in the contract the defendant, Hall, could have tendered the stock of goods to the purchaser and recovered from him the entire purchase price. Even under this contract, the defendant had the right to pursue either course. This paragraph in the contract does nothing more nor less than fix the amount of damages for breach thereof rather than leave it to be determined under the law and rules of evidence. It is not provided in this contract that in case of breach thereof by one party the rights and remedies of the other party be limited to a recovery of damages. The right to enforce specific performance is not denied nor excluded by the contract. By this paragraph neither party thereto acquired any right except to be relieved of proving the amount of damages in event suit for damages was instituted. Therefore, in this case, when the

purchaser committed the breach, the seller, defendant herein, had the same right to tender the stock to the purchaser and recover the contract price as he would have had if this paragraph had not been inserted in the contract.

In the body of the contract it is recited that the defendant, Hall, "has this day sold to the second party" the described property and that "the party of the second part agrees to pay the first party" the consideration stipulated. This paragraph of the contract expressly provides that the party not defaulting may recover from the defaulter "liquidated damages for breach" thereof. Now, the seller in a contract of sale cannot recover damages from the proposed purchaser therein and party thereto for breach of such contract in refusing to take the property thereunder if there be no contract of sale and purchase between them. The recovery of damages for breach of contract necessarily presupposes the existence of a contract and this paragraph affirmatively provides for the recovery of such damages for such a breach of contract. A contract is an accepted offer, while an option in an unaccepted offer which a party has the right thereafter to accept. He may be required to pay a consideration for the option, that is, for the right thereafter to accept the offer, but a requirement that he pay for a breach of contract indelibly brands the instrument as a binding obligation, a contract which he is bound to perform, and not a mere option.

This contract is not a mere option, but is a contract of purchase and sale in which the amount of damages for breach is determined by agreement and not left open to be fixed by the court. There is but little equity in defendant's claim that he retain, without cost to him, the $1,000 received by him from Burkleo and at the same time be relieved of paying hire to the laborer who brought these benefits to him.

The lower court erred in sustaining the demurrer to plaintiffs' evidence. The judgment is, therefore, reversed and the case remanded, with instructions to set aside the judgment from which this appeal is taken and to grant a new trial.

JOHNSON, C. J., and NICHOLSON, HARRISON, BRANSON, WARREN, and GORDON, JJ., concur.