MAURICE J. CRAWFORD v. THURSTON-HOFFMAN COMPANY, INC. AND ANOTHER.[1]

April 19, 1929.

No. 27,196.

*Wright & Wright* and *A. W. Bowen,* for appellant.
*Chester W. Johnson,* for respondent.

WILSON, C. J.

Defendant United Signs, Inc. appealed from an order denying its motion for a new trial.

[1]Reported in 225 N. W. 111.

Plaintiff's work for defendant was to solicit painting jobs. His compensation was 20 per cent. His employment commenced on March 29, 1927. On March 7, 1927, defendant had quoted prices to the Minneapolis Baseball & Athletic Association. They were unacceptable as too high.

Plaintiff learned of the association's requirements and was informed that a competitor was about to get the work. His disputed testimony is that he did not know of defendant's futile and apparently terminated efforts to get the work. He solicited it. He made a lower price. He got encouragement. He reported progress to his employer, which sent one of its officers with plaintiff to the office of the association, where a written contract was made giving the work to defendant.

Defendant's initial efforts were unsuccessful. The president of the association testified that in the absence of a lower price he would not have given the work to defendant. About 22 days went by. The trial court concluded that plaintiff was the immediate procuring cause of getting the business. There is little reason to suppose that defendant ever would have gotten the business in the absence of plaintiff's initiative and his lower price. He discovered the work. By his price he created the association's interest. He took defendant's officer to the association. His efforts led directly to the contract which was made. We have not discussed defendant's evidence, which tends to contradict plaintiff's. The court accepted plaintiff's version. The evidence sustains the finding.

Plaintiff's efforts being the immediate procuring cause of the execution of the contract on the part of the association, it follows as a matter of law that he has earned his commission for getting the business. Francis v. Eddy, 49 Minn. 447, 52 N. W. 42; Studer v. Byson, 92 Minn. 388, 100 N. W. 90; Fosbroke v. National Exch. Bank, 176 Minn. 357, 223 N. W. 603; 1 Dunnell, Minn. Dig. (2 ed.) § 1147.

Affirmed.