JACOBS et al. v. ROTHSCHILD et al.

No. 33031.   Feb. 3, 1948.

Rehearing Denied Sept. 28, 1948.

Second Petition for Rehearing Denied Oct. 12, 1948.

*197 P. 2d 951.*

Wesley E. Disney, Joe B. Houston, and Gerald B. Klein, all of Tulsa (John C. Martin, Jr., of counsel, of Tulsa), for plaintiffs in error.

Paul Edwards and Joy G. Clayton, both of Tulsa, for defendants in error.

PER CURIAM.   Plaintiffs brought this action to recover a broker's commission of $2,750 allegedly due for their efforts in selling an apartment house owned by defendants. In May, 1945, defendant Rothschild, as owner and agent for other owners, gave plaintiffs a written contract of employment to sell an apartment house owned by defendants. In July, 1945, the plaintiffs secured a purchaser who was willing to purchase upon defendants' terms and executed a contract for purchase of the property and made an earnest money payment of $2,750. This contract was presented to defendant (in his own behalf and as agent), who refused to sign the contract.

The contract was again presented to defendant and he refused to sign, although he never objected to the contract or the purchaser. However, after having refused to sign the contract de-

fendant ordered the abstract on the property, advising the mortgage holder he was selling the property. Defendant thereafter turned the matter over to one Edwards (defendant's attorney herein), but the transaction was never consummated.

Plaintiffs brought this action alleging substantially the above facts, and that having fully performed their contract of employment they were entitled to recover their commission in the sum of $2,750.

Defendants filed separate demurrers, which were overruled, and defendants thereafter filed their separate answers in the form of general denials except for admitting ownership of the property.

Plaintiffs' evidence established that plaintiff Jacobs met defendant Rothschild and a meeting was arranged to discuss listing of the property for sale. Jacobs made certain preliminary examinations of the records respecting the property and with his associate, Story, prepared a contract for use in the event defendant agreed to list the property with them. After meeting with defendant and examination of the property, defendant, on June 4, 1945, executed the written contract giving plaintiffs exclusive listing to sell the property at $85,000, with the exception that one Edwards, defendants' attorney, also had the right to sell the property.

Plaintiffs then associated themselves with a realty company and with their help secured one Tiffany as a prospective purchaser. After viewing the property the second time this prospective purchaser agreed to purchase the property for $85,000, executed a contract for the purchase, and deposited $2,750 with the realty company as earnest money.

Plaintiffs thereafter sought to have defendant Rothschild sign the contract for sale of the property. Although he did not object to the contract or the purchaser, defendant did not sign the contract. Some other dealings were carried on among the parties, and at one time defendant wrote the mortgagee to send the abstract on the property as he was selling same. However, upon defendant's failure to sign the contract, plaintiffs brought this action for $2,750, the commission set out in the brokerage contract.

At the close of the plaintiffs' testimony, defendants demurred to the evidence and the demurrers were sustained. The appeal is presented under the single proposition that the trial court erred in sustaining defendants' demurrers, dismissing the petition and entering judgment for defendants, for the reason plaintiffs made out a prima facie case by showing written authority to sell the property, and that a purchaser was found who entered into a contract of purchase and made part payment, although defendant refused to consummate the sale.

We are of the opinion the trial court erred in sustaining the demurrers to plaintiffs' evidence, and in dismissing the petition and entering judgment for defendants. There being no denial of the written contract granting plaintiffs' authority to sell the property, plaintiffs' right to recovery then rests entirely upon the question whether plaintiffs' evidence established that they had secured a purchaser who was ready, able and willing to buy upon the terms and conditions of the contract.

Defendants urge that plaintiffs were required to offer proof of the purchaser's financial ability, when such purchaser was not accepted by defendants and no sale ever consummated, and in failing to offer such proof plaintiffs failed to make out a prima facie case. We think this position is untenable.

In 8 Am. Jur., Brokers, §226, the following statement is found:

"According to some decisions, if the broker was engaged to negotiate the sale of real estate, a primary requisite to the establishment of the ability and

willingness of the party procured to perform is that the broker should have procured a written contract signed by the proposed purchaser so that nothing but the signature of his employer is wanting to make the transaction binding upon both. . . ."

In Gilliland v. Jaynes, 36 Okla. 563, 129 P. 8, this question was considered:

"In order for a real estate agent to recover his commission for making a sale which has not been completed, it is necessary for him to find a purchaser who is ready, willing, and able to buy, and to procure a written agreement to buy from the purchaser, which will be enforceable against him, if accepted and signed by the seller, provided the seller and purchaser have not come together, and an oral agreement to buy accepted by the seller."

In the body of the opinion, after discussing the rules of other jurisdictions, the following statement is found:

" ' . . . We are not inclined to follow either of these classes of cases, regarding them as extreme and exceptional. The true rule is that the broker is entitled to his commissions if the purchaser presented by him and the vendor, his employer, enter into a valid, binding, and enforceable contract. . . .' "

The holding in this case was followed in Scott v. Kennedy, 152 Okla. 165, 3 P. 2d 907, and in this case it was pointed out that one of two events must transpire, to wit: (1) A purchaser must be presented to the seller, in order that the seller may accept or reject him; or (2) a contract of purchase binding the purchaser to buy on the terms offered must be presented to owner. And, until one of these things is done—absent a contract to the contrary—no compensation is due the broker as commission.

Numerous decisions are cited and relied upon by defendants as sustaining their contention that plaintiffs failed to make out a prima facie case that they produced a purchaser "ready, willing and able" to purchase on the terms and conditions upon which plaintiffs were authorized to negotiate. The contention fails to take into consideration the distinction between procuring one willing to be bound as a purchaser and procuring one who is bound. In the former the minds of seller and purchaser are yet to meet, while in the latter they have already met. In the former the seller does not have to contract unless the would-be purchaser measures up to the standard. In the latter the broker on authority of the owner has in effect accomplished the sale and the owner is in duty bound to recognize it unless he can show reason to the contrary. If, when the contract, signed by the purchaser, was presented to the owner, the refusal of the seller to sign had been placed upon the ground that the purchaser was unable to perform the contract, the broker would have had the opportunity to show that the purchaser was ready, willing and able to buy, thus proving the existence or non-existence of his right to the commission, which right the owner was in duty bound to respect. To decline to execute the contract without valid reason was arbitrary. And where grounds for refusal could have been given but were not given, the same cannot be urged as a defense to the action for commissions. McFarland v. Lillard, 2 Ind. App. 160, 50 A. S. R. 234; Fiske v. Soule, 87 Cal. 313, 321; Young v. Metcalf Land Co. (N.D.) 122 N. W. 1101 (and numerous cases therein cited). Furthermore, for the owner in such action even to raise the question, it would be necessary for him to plead and prove the fact of the inability of the purchaser to comply. McFarland v. Lillard, supra; Young v. Metcalf Land Co., supra.

The authorities relied upon by defendants are not persuasive as against the contract of purchaser signed by the party charged and binding upon her acceptance by defendants, and further discussion of such cited cases is deemed unnecessary.

Defendants also urge that there was a variance between the plaintiffs' con-

tract of employment and the sales contract signed by the purchaser. This contention is without substantial merit. The contract of employment provided for a sale price of $85,000, and cash payment of $33,890, which defendants assert meant all in cash for their equity in the property; while the contract provided for a price of $85,000, the balance above the deposit, earnest money, to be "cash upon delivery of title to the buyer."

However, the contract of employment, after recitation of the terms of the sale, contained the following provision:

"Upon consummation of a sale, on the above terms, or on the basis of all cash to ourselves and the holders of our mortgage as our various interests appear, . . . "

We are unable to detect the alleged variance between the contract of employment and the sales contract which defendants assert was sufficient to vitiate the plaintiffs' contract, because the property was sold upon a basis different from that provided in their authority to sell.

The judgment is reversed and the cause remanded, with directions to set aside the judgment sustaining defendants' demurrer and dismissing plaintiffs' petition.

HURST, C.J., DAVISON, C.J., and RILEY, BAYLESS, WELCH, GIBSON, ARNOLD, and LUTTRELL, JJ., concur. CORN, J., dissents.

CORN, J. (dissenting). I think the majority opinion misconstrues the holding of this court in Gilliland v. Jaynes, 36 Okla. 563, 129 P. 8. It is being construed by the majority opinion as holding to secure "a purchaser who is ready, willing and able to buy" or "to procure a written agreement to buy from the purchaser."

In my judgment the opinion holds that in addition to the purchaser's ability to buy, the broker must secure a written contract from him that can be enforced by the landowner as evidenced by Reynolds v. Anderson, 37 Okla. 368, 132 P. 322, in an opinion adopted within less than four months of the time this opinion became final, wherein it is followed. Paragraphs 1 and 2 of the syllabus are as follows:

"1. A real estate agent in order to recover commission for the sale of real estate must produce a purchaser, who is ready, willing, and able to buy, upon the terms and conditions agreed upon.

"2. The only legal evidence of his intent to comply with those conditions is his written agreement to do so. Hence a real estate agent is not entitled to recover a commission for the sale of real estate, unless he has also (in addition to the foregoing requirements) procured and presented to the seller, from the purchaser, who is ready, willing, and able to buy, an enforceable contract in writing, binding him to take the land according to the terms and conditions agreed upon."

In Schegel v. Fuller (June 8, 1915) 48 Okla. 134, 149 P. 1118, this court states:

"The defendant, however, complains of the instructions because the court fails 'to instruct that the person procured by the broker must be ready, able and willing to buy on the terms fixed between the broker and the owner', and cites numerous authorities in support of this contention.

"There is, however, a clear distinction between the facts in the cases cited by the defendant and the case at bar. In the cases cited, for one reason or another, the sale was never consummated; and, of course, under those circumstances, the agent would have to prove that the party he produced as a purchaser was ready, able and willing to buy at the price fixed by the owner before he would be entitled to recover a commission. But in the case at bar the property was actually sold to Lee, plaintiff's purchaser, and the deal closed by the owner himself, and upon terms satisfactory to him; and under that state of facts the question of the ability and willingness and

readiness of the purchaser to buy is eliminated . . . ."

In paragraph 3 of the syllabus, this court held:

"If a real estate broker claims a commission for his services, where no sale is actually consummated, then he must prove, by competent evidence, that he produced a purchaser able, ready and willing to buy at the price and upon the terms fixed by the owner. But, where a sale is actually made and the deal closed by the owner himself, then the question of the ability, readiness and willingness of the purchaser to buy is eliminated. And the fact that the owner himself closed the deal will be taken as conclusive that the terms were satisfactory to him."

This case is followed and cited in the case of Artlin Realty Co. v. Glass (Feb. 19, 1935) 170 Okla. 588, 41 P. 2d 471:

"Error is also assigned in the giving of the following instructions: 'You are instructed that a broker is a procuring cause of a sale when he procures a purchaser for the principal's property who is ready, willing and able to buy and starts negotiations, which said negotiations result in the coming together of the owner and purchaser in the personal relation of vendor and vendee.'

"It is contended that while this instruction may be correct as an abstract proposition of law, it is objectionable for the reason that there was no evidence that the prospective purchaser procured by plaintiff was ready, willing and able to buy. The same objection is also made to another instruction. The evidence shows that defendant did sell the property to the purchaser procured by plaintiff, and it was therefore unnecessary to introduce any evidence on the question. In Schegel v. Fuller, supra, it was held: 'Where a sale is actually made and the deal closed by the owner himself, then the question of the ability, readiness, and willingness of the purchaser to buy is eliminated. . . .'"

The last occasion this court had to speak on this question was in the case of Houghton v. Duffner-Cravens Co. (Oct. 22, 1935) 175 Okla. 148, 51 P. 2d 817. In the syllabus we held:

"If a real estate broker claims a commission for his services, where no sale is actually consummated, then he must prove, by competent evidence, that he produced a purchaser able, ready, and willing to buy at the price and terms fixed by the owner. But, where a sale is actually made and the deal closed by the owner himself, then the question of ability, readiness, and willingness of the purchaser to buy is eliminated; and the fact that the owner himself closed the deal will be taken as conclusive that the terms were satisfactory to him."

The conditions under which a broker employed to sell real estate becomes entitled to commissions when a sale does not actually take place, have been variously stated according to the variant facts under consideration. The general rule in such circumstances is that he cannot recover commissions unless he shows that he procured and produced to his principal a person ready, willing, and able to purchase the property upon the terms and conditions under which he was authorized to negotiate a sale. The mere fact that the defendant has repudiated his contract and refused to comply with its terms and conditions, does not change this rule of law, insofar as it requires the broker, before he is entitled to his commissions, to establish that he produced a purchaser who was ready, willing and able to purchase the property upon the terms and conditions under which the defendant had agreed to sell. The refusal of the defendant to consummate the sale has not damaged the plaintiff, unless he can show that if the defendant had carried out his contract the sale would have been made. The refusal of the owner to sell according to the contract does not prove, neither does it raise a presumption, that the alleged purchaser was able to purchase, but renders the owner liable to the broker for commissions, the same as though the sale had actually

been effected, provided the latter establishes that the proposed purchaser was ready, able and willing to make the purchase upon the terms stipulated by the owner to the broker. The repudiation of the contract by the defendant did not change the rule of law that the plaintiff must make out a prima facie case, and establish a state of facts from which it appears that he had earned his commissions. In order to do this, even though the defendant had refused to sell, it was incumbent upon the plaintiff to prove that at the time or times when, according to his claim, he had the right under his contract with the defendant to effect a sale, he had a purchaser ready, able and willing to take the property upon the terms and conditions under which the defendant had agreed to sell. Colburn v. Seymour (Colo.) 76 P. 1058; Crampton v. Irwin (Colo.) 203 P. 672; Littlefield v. Bowen (Wash.) 155 P. 1053.

Colburn v. Seymour, supra, is also cited as authority in the very recent case of C. O. Frick Co. v. Baetzel et al. (Sept. 21, 1942) 71 Ohio App. 301, 47 N. E. 2d 1019, from the syllabus:

"Vendors by rejecting offer for reality without objecting that proposed purchaser was not ready, willing and able to purchase, did not thereby 'waive' such defense, so as to relieve broker, seeking to recover commission, of the burden of proving the readiness and financial ability of the proposed purchaser at the time of the offer. . . ."

And from the body of the opinion:

"We hold, therefore, that the plaintiff failed in this case to maintain the burden of proof of showing that its proposed purchaser at the time of making his offer to defendants was 'ready, willing and able' to pay for defendants' property at the price and on the terms offered."

In Wilson v. Sewell (Supreme Court of New Mexico, July 31, 1946) 171 P. 2d 647, that court said:

"Appellant claims that it was incumbent upon appellee to allege and prove that the purchaser procured by him was ready, able, and willing to pay for the property. It is true that in cases where the agent had produced a purchaser to whom the owner refused to sell, in order for him to recover, it is uniformly held that he must allege and show that the purchaser so tendered by the agent was ready, able, and willing to consummate the purchase at the price named."

There are some states that hold a broker can recover his commission when he finds a buyer ready, willing and able to make the purchase in the absence of a written contract from the buyer to the seller, but no authority can be found to the effect that a writtten contract signed by the prospective purchaser is proof of being able to buy, it is only evidence of being willing.

There being no evidence that the purchaser was financially able to buy said property at the price fixed by the owner, I think the trial court properly sustained defendants' demurrer to the plaintiffs' evidence. I therefore respectfully dissent.