PFRIMMER v. TIDWELL et al.

No. 33575.   Dec. 12, 1950.

Rehearing Denied Oct. 16, 1951.

Application for Leave to File Second Petition for Rehearing Denied Oct. 30, 1951.

*236 P. 2d 978.*

Porter & Porter, Muskogee, for plaintiff in error.

George W. Leopold, Muskogee, for defendants in error.

DAVISON, C. J.  This is an appeal from a verdict and judgment in favor of defendants in error, John E. Tidwell and J. R. Thomas, partners, plaintiffs in the lower court, against plaintiff in error, M. T. Pfrimmer, defendant in the lower court, in the amount of $925. The parties will be referred to as they appeared in the court below.

Plaintiffs brought this action in the district court of Muskogee county, Oklahoma, to recover $925 alleged to be due them as a broker's commission on the sale of certain property. The defendant answered by a general denial. The evidence showed that in August, 1946, the defendant verbally listed his turkey farm, located near Muskogee, Oklahoma, with the plaintiffs and priced it at $17,500 net to him. Plaintiffs informed him that they would price it to prospective purchasers at $18,500 in order that they might make a commission upon the sale. At that time, plaintiffs had prospective purchasers, a Mr. and Mrs. Rietz, to whom one of them showed the farm. A few days later, plaintiffs took defendant to the home of the prospective purchasers, so that defendant might inspect certain turkeys owned by them, and discuss the terms of the transaction. While there, it was brought to the defendant's knowledge that the prospective purchasers would have to depend entirely upon the sale of their turkeys for funds with which to make the payments on the farm. Terms of payment were discussed, and it was agreed the purchasers were to pay $1,000 down and $2,500

on or before January 1st, and $2,500 each year thereafter, the total purchase price being $18,500. In the latter part of August, 1946, plaintiffs presented an instrument styled "Offer to Purchase Real Estate," to defendant for his signature. This instrument set out the above terms and was signed by Mr. and Mrs. Rietz, the prospective purchasers. Defendant made a few minor changes and returned it to the plaintiffs. Thereafter, in the presence of each other, defendant and the purchasers signed the instrument as it was amended. The $1,000 payment was made within the time specified, but the purchasers have defaulted as to the other payments.

Defendant states in his brief:

"The only question presented is: Did a sale of the property take place within the meaning and intent of the verbal contract entered into by plaintiffs and defendant?"

There is no question about the contract of employment or the terms thereof. The controversy is as to whether that contract was performed by plaintiffs, entitling them to compensation for their services. It is the defendant's contention that he and the purchasers were never bound by a valid contract of sale, but that the instrument styled "Offer To Purchase Real Estate" is an option to purchase.

The instrument in question is as follows:

"John E. Tidwell,
"205 Equity Building
"Muskogee, Oklahoma.

"Muskogee, Oklahoma.
"August 21st, 1946.
"Sir:

"I, we, submit the following offer to purchase that certain property located in Muskogee County, Oklahoma, and better described as follows: (Here is description of property included and exceptions.)

"I, we, agree to pay the sum of $18,-500.00 as total purchase price for the above described property, on the following terms: $ See Below, deposit as earnest or forfeit money, which is to apply on the purchase price provided title is merchantable, and to be returned to me if title is not merchantable and cannot be made merchantable within a reasonable time, and is to be retained by you as liquidated damages in case I fail to carry out the terms of this offer, if accepted by the owner of the property; the balance of the purchase price to be paid as follows: $1,-000.00 to be paid on or before September 5th, 1946, and $2,500.00 or more if possible, on or before January 1st, 1947. The balance is to be paid at the rate of $2,500.00 or more per year, with interest on deferred payments at the rate of 5½% per cent per annum.

"Possession: On or before January 1st, 1947, at the pleasure of present owner.

"Taxes: 1946 taxes to be paid by present owner.

"Insurance: To be arranged between buyer and seller.

"Reservations: Amended and Okay
John R. Rietz and
Helen Rietz
(signatures)

"Commission: To be paid by seller.

"Remarks: Deed to be made in the names of

"John R. Rietz (Signature)
"Helen Rietz (Signature)
Purchaser.

"The above offer is hereby accepted:

"M. T. Pfrimmer (signature)
Owner.
"J. E. Tidwell (signature)
Agent."

The right of a broker to compensation is dependent upon a contract of employment, either express or implied. Yarborough v. Richardson, 38 Okla. 11, 131 P. 680. This contract need not be in writing. Anderson v. Hill, 196 Okla. 304, 164 P. 2d 623. The parties may agree upon special terms or conditions, in which event, performance of the express conditions is a prerequisite to recovery in an action for commission. J. L. Lemmon Co. v. Oppenheimer, 155

Okla. 209, 8 P. 2d 679. In the absence of special terms or conditions, a broker is entitled to his commission when he has procured a purchaser, ready, willing and able to purchase the property on terms agreeable to the seller, who is accepted by the seller, or secured a purchaser who is bound by a valid contract of sale if accepted by the seller. See Jacobs et al. v. Rothschild et al., 200 Okla. 599, 197 P. 2d 951, and the cases cited therein.

The offer contained in the above instrument was definite and conditioned only upon performance by the defendant. The defendant contends that the contract was conditioned upon the purchasers making a profit from the sale of their turkeys. This was not included in the written instruments. The defendant had the opportunity to so include such a provision, but he made only a few changes which are immaterial here and then signed the instrument, constituting an absolute acceptance thereof, and therefore a binding contract.

In the case of Cline et al. v. Hall, 107 Okla. 218, 232 P. 31, plaintiffs brought action against defendant for brokers' commission for sale of stock of merchandise. In that case the contract of purchase contained a stipulation as to the amount deposited "to be . . . liquidated damages for such breach and failure." The defendant contended that, because the purchasers could forfeit the deposit and not be found, the contract was a mere option. This court, in holding that it was binding and not an option, said:

"A 'contract' is an accepted offer, while an 'option' is an unaccepted offer which a party has the right thereafter to accept. He may be required to pay a consideration for the option, that is, for the right thereafter to accept the offer; but a requirement that he pay for a breach of contract indelibly brands the instrument as a binding obligation, a contract which he is bound to perform, and not a mere option."

In the case of Ruland v. Bohner, 149 Okla. 36, 299 P. 167, this court, in holding that the contract for the sale of real estate, conditioned upon approval of title, was valid and binding, and not an option, said:

"Here the contract was not only signed by both parties but, after providing that the abstract would be furnished and should be examined, it further provided, that, if the title was satisfactory, the alleged vendee was to assume a mortgage then on the premises and pay the balance of purchase price. Here there was a clear obligation, conditional it is true, but the only conditions being on the furnishing of the abstract and the approval of title. It is unnecessary to go outside of the instrument and consider the conduct of the parties to so hold."

The contract in the case at bar consisted of a definite offer, conditioned only upon the title being merchantable, which was unconditionally accepted by the defendant. According to the above standards, the instrument is a "contract" and not an "option." It is an accepted offer, wherein the purchasers are bound by a promise to pay a definite sum of money, in a definite manner, for the conveyance of certain described property.

The fact that the purchasers procured by plaintiffs were subsequently unable to perform the contract of purchase does not affect plaintiffs' right to compensation. Scully v. Williamson, 26 Okla. 19, 108 P. 395; McCartney v. Shores, 77 Okla. 273, 188 P. 663.

Plaintiffs did not in their pleadings allege compliance with the provisions of the Intangible Personal Property Tax Law, nor did they make any proof with reference thereto in the trial of the case. The defendant did not raise the question or call it to the trial court's attention. It was first raised in this court, but we have repeatedly held that such may be done. Mead v. Hellams, 200 Okla. 381, 194 P. 2d 603; State National Bank v. Wood & Co., 88 Okla. 292, 212 P. 1002; Boar v. Home State Bank, 111 Okla. 285, 239 P. 579, and Mayor v. Bennett, 199 Okla. 579, 189 P. 2d 186."

Plaintiffs had completed their service to the defendant when, in August, 1946, with full knowledge of the purchaser's willingness and ability to purchase, the defendant accepted him and entered into a binding contract of sale of the property. The sales commission of plaintiffs then became due and payable. This suit was filed May 29, 1947. It was the duty of plaintiffs, under the law, to list or assess their claim of indebtedness on and after January 1, 1947 (68 O.S. 1941 §1507) and to pay the taxes thereon when due.

Quoting from the case of Mead v. Hellams, supra:

" . . . Although plaintiff by competent evidence established his case on the merits and proved his debt against the defendant, plaintiff was not entitled to judgment without making proof of compliance with the Intangible Tax Law (68 O.S. 1941, §1515), and the rendition of judgment by the trial court was erroneous. Mayor v. Bennett, supra."

In so far as the opinion in the case of Watts v. Elmore, 198 Okla. 141, 176 P. 2d 220, is contrary to the views herein expressed, the same is overruled.

The judgment is vacated and the cause remanded, with directions to the trial court to hear and determine the questions as to whether or not there has been compliance with the Intangible Tax Law, and if plaintiffs establish compliance, to render judgment for plaintiffs, otherwise to dismiss plaintiffs' action. See Mayor v. Bennett, supra, and the decisions therein cited.

ARNOLD, V. C. J., and WELCH, CORN, LUTTRELL, HALLEY, and JOHNSON, JJ., concur. GIBSON and O'NEAL, JJ., dissent.

GIBSON, J. (dissenting). I think the judgment of the trial court should be affirmed. It is obvious to me that the claim is unliquidated and consequently not subject to the provisions of the Intangible Tax Law. Watts v. Elmore, 198 Okla. 141, 176 P. 2d 220.

68 O. S. 1941 §1515, relating to pleadings in suits for collection of intangibles, provides in part "if such intangible property is not subject to such taxes he may so allege, stating the controlling facts upon which is based such allegation." It occurs to me that the nontaxability of the intangibles need not be alleged *totidem verbis,* but the requirements of the statute are met where, as here, the allegations of the petition show that the claim upon which suit was brought was unliquidated and, hence, not taxable.

Watts v. Elmore, supra, is in accord with a number of decisions of this court, construing the Intangible Tax Act, and is correct, and I see no reason for overruling it, even in part.

Furthermore, even if the intangible in question were a liquidated claim and therefore subject to taxation, it would not be taxable in the circumstances of this case. It sufficiently appears from the filing date on the petition and from the allegations of the petition that at the time of the commencement of the action the assessment of the intangible was not complete and consequently it was not necessary for the plaintiff to either allege or prove anything relating to the assessment of the intangible for taxation. My views are more fully stated in my dissent filed in Mead v. Hellams, 205 Okla. 174, 236 P. 2d 498.

O'NEAL, J., concurs herein.