PARKS v. STEWART.

No. 35590.

Supreme Court of Oklahoma.

Nov. 10, 1953.

Rehearing Denied Dec. 1, 1953.

W. B. Edwards and Con Long, Seminole, for plaintiff in error.

Charles Sims, Seminole, for defendant in error.

ARNOLD, Justice.

Paul Stewart brought this action in the Superior Court of Seminole County against Pete Parks to recover a broker's commission alleged to be due for having obtained a purchaser for approximately one section of land owned by defendant in Coal County.

In support of the allegations of his petition plaintiff testified that on March 25, 1950, defendant by written contract, which contract was introduced in evidence, listed the above land with a reservation of one-half the minerals with plaintiff for sale at a cash price of not less than $33,500, under the terms of which contract plaintiff was to procure a purchaser ready, willing and able to buy at the stated price and terms and authorizing plaintiff to make in defendant's name a binding contract for the sale of same, plaintiff to receive as commission $200 plus 6% of the selling price above $1,000, up to $33,500, and if sold in excess of $33,500 plaintiff to receive a commission of 10% of the selling price, defendant in said contract representing that he had a good title to and a legal right to sell the property and that he could and would furnish a good and sufficient deed; that the property was not his homestead; that plaintiff procured W. L. Dunn and C. E. Seybold of New Mexico who by written contract agreed to purchase the land, less an undivided one-half of all minerals, for the sum of $35,000, to be paid $5,000 upon execution of the contract, $25,000 upon delivery of the deed, deed to be delivered upon completion of examination of title, and $5,000 upon delivery of possession on or before January 1, 1951; this contract was introduced in evidence; that plaintiff did not present the purchasers to defendant in person; that he presented the contract to defendant who took it and read it and made no objection thereto; that he requested defendant to execute a warranty deed as provided by the terms of the contract but defendant declined for the reason that his wife objected to the sale and refused to sign the deed; that defendant told plaintiff to call later and in the meantime he would try to persuade his wife to sign the deed; that plaintiff called on defendant a few days later and again requested that defendant execute a deed and defendant told him his wife still refused to sign but gave plaintiff the abstract, telling him to have it brought down to date, and he would again take the matter up with his wife; that plaintiff took the abstract, had it brought down to date, and turned it over to the prospective buyers' attorney for examination; that his opinion showed that the land was segregated coal land and the coal rights were reserved by the Federal Government and that none of the coal rights would pass to the purchaser upon sale of the land; that one-half the other mineral rights had been sold to others; that upon receipt of this opinion one of the prospective purchasers called on plaintiff, informing him that he would not complete the sale unless the coal rights went with the land; that he advised defendant and defendant said he didn't have the coal rights, that the defendant could get a purchaser who would take it without any minerals; that plaintiff had theretofore asked defendant whether the land was segregated coal land and defendant had said it was not, that it was too far east; that plaintiff then demanded his commission from defendant, which defendant refused to pay.

Defendant testified that plaintiff never presented a purchaser to him who was ready, willing and able to buy the land, that

752

he had always intended to reserve to himself one-half the minerals under the land and that one-half had already been sold to others; denied that he refused to execute a deed as testified to by plaintiff, stated that he told plaintiff he would not take any down payment of $5,000 but would execute a deed whenever the purchasers paid him the sum of $30,000 net.

At the conclusion of the evidence defendant demurred thereto; the court overruled the demurrer and submitted the cause to the jury. They returned a verdict in favor of plaintiff in the amount of $3,567.08, the amount sued for, and the court rendered judgment in accordance therewith. From order overruling motion for new trial defendant appeals.

Defendant contends that the evidence is insufficient to sustain the verdict; that the judgment is contrary to law because the contract obtained from the purchasers does not comply with the terms of the listing contract; that the listing contract provided for cash payment and the contract obtained by plaintiff provides for a deposit of $5,000, $25,000 to be paid upon delivery of the deed and the balance to be paid upon delivery of possession.

On the latter point the evidence is that defendant made no objection to the contract or any of the terms thereof; that he refused to execute a deed for the sole reason, as stated by him, that his wife objected to the sale and he would not sign a deed unless his wife also signed. He impliedly accepted the terms of payment and is therefore estopped from asserting as a defense that the contract did not comply with the terms of the listing agreement. See Jacobs v. Rothschild, 200 Okl. 599, 197 P.2d 951; Scott v. Kennedy, 152 Okl. 165, 3 P.2d 907.

The evidence is sufficient to sustain the finding of the jury which inheres in the verdict, that plaintiff furnished defendant with a purchaser ready, willing and able to buy.

Affirmed.

HALLEY, C. J., JOHNSON, V. C. J., and CORN, WILLIAMS and BLACKBIRD, JJ., concur.